## Joseph Heister assignee of James Old *against* Edward Davis.

Counsel or attorney shall not be permitted to disclose confidential communications of their client, but may give evidence of collateral facts, or that their client expressed himself satisfied with a new security.

DEBT on seven obligations. Plea, payment. The defence set up, was that the bonds in question, with six others, were the consideration of certain lands sold by Old to the defendant, free of all incumbrances, with a covenant of warranty in the deed, against Old and his heirs, and all other persons claiming under Edward Hughes, deceased, who died intestate. An appraisement of these lands had taken place in the Orphans' Court, as the property of the said Edward Hughes, and a confirmation thereof to his son James, and 737l. 10s. one third part of the appraisement, remained charged on the premises to pay off the yearly interest due to the widow in lieu of her dower, which after her death was subject to distribution.

To encounter this defence, the plaintiff showed in evidence a judgment entered in Philadelphia county, by James Old *v.* Benjamin Morris, debt 3650l. ; the declaration therein being endorsed by the attorney who confessed the same, "debt, interest, * "and costs, is for the security of Edward Davis." And he further offered to prove by Daniel Clymer, esq., who entered up the judgment, that he had received the bond, on which the judgment was confessed, from Old, by way of indemnity against the incumbrances on the land sold to the defendant 18 or 19 months after the execution of the deed, that the judgment was entered at the repeated instances of the latter, and that he was fully satisfied with the security which had been obtained.

The defendant's counsel excepted to this testimony, and produced a receipt to him from Mr. Clymer for 4 guineas, for his services in endeavoring to secure the title of the lands. They insisted, that a trustee shall not be a witness to betray his trust, nor shall counsel or attorneys be permitted to discover the

[Heister, assignee, *v.* Davis.]

secrets of their clients though they offer themselves for that purpose. It is the privilege of the client, and not of the counsel or attorney. Bull. 284. 1 Stra. 140. It is contrary to the policy of the law to permit any person to divulge a secret with which the law has entrusted him, and the evidence attempted to be introduced, must have come to the knowledge of the witness in his character as counsel or attorney for the defendant.

*E contra*, it was urged, that an attorney has no privilege to refuse to give evidence of collateral facts. One has been obliged to prove his client's having sworn and signed the answer upon which he was indicted for perjury. If he has attested a paper as a witness, he may be committed unless he prove the execution of it. Cowp. 846. Nor was there any suit pending when these facts came to Mr. Clymer's knowledge. The privilege of not being compellable to divulge secrets professionally disclosed to them, is confined to the counsel and attorneys in the cause only, and is not to be extended to others, though professionally and confidentially employed. 4 Term Rep. 753. Espin. 718.

*Per curiam.* It is of infinite consequence to suitors, that the trust reposed in professional characters should not be violated. But let our private feelings be as they may, we must take the rules of evidence as our only guides. See 4 Term Rep. 758, 759, 760. In Annesley *v.* Lord Anglesea, 9 St. Tri. 392, 3, 4, this doctrine was very fully considered, though it must be owned, that one of the features of that case, was the criminal conduct on the part of Lord ANGLESEA, in urging a groundless prosecution against his adversary for murder. In Cobden *v.* Kendeick, 4 Term Rep. 432, it was adjudged, that an attorney may give [*6 *evidence of a conversation between him and his client, touching the justice of his suit, after a writ of inquiry executed, and a compromise thereon. For the purpose of the suit was obtained, and it was *gratis dictum.* And in a late case, Peake, 108, 77, it has been held, that when anything has been communicated to an attorney by his client, for the purpose of defence, he ought not to divulge it. But where he is as it were, a party to the original transaction, that does not come to his knowledge in the character of an attorney, and he is liable to be examined.

Is not Old's lodging this bond with Mr. Clymer, by way of indemnity to the defendant, a collateral fact? May not Mr. Clymer account for the special indorsement on his declaration, and declare whether his client was fully satisfied with this new security, without disclosing any matter confidentially communicated to him?

The defendant perceiving the opinion of the court, waived his privilege, and desired that Mr. Clymer might be permitted to

give in evidence everything he knew of the whole transaction, which was accordingly done.

Verdict *pro quer.* for 833l. 16s. 8d.

Messrs. C. Smith and Jacob Hubley, *pro quer.*

Messrs. Montgomery and Hopkins, *pro def.*

Cited in 10 Pa. 523, where it was decided that communications of the object for which an assignment of a mortgage was made to a counsel concerned for the assignee on the distribution of the proceeds of the mortgaged premises, are privileged, although no question there arose as to the object of the assignment, and the counsel considered the communications in the light of a casual conversation.