SELDEN F. WHITE *et al.*

*v.*

JOSEPH WEAVER.

1. PROMISSORY NOTE — *guaranty and assignment.* Where a party indorses his name on a note before it is delivered to the payee, the presumption will be indulged that he intended to guarantee its payment. If indorsed afterward, then it will be presumed, in the absence of proof, that he intended to become only an assignor of the note. When indorsed after its delivery, it would devolve on the holder to prove that he was authorized to fill up the guaranty, and that it was supported by a sufficient consideration. If an assignment only was intended, and the holder fills it up with a guaranty, the true agreement of the parties may be shown and defeat a recovery on the guaranty.

2. SAME — *indorsement, its effect.* Where an indorsement is made without date, the presumption is that it was of the date of the note, and the presumption will prevail unless rebutted. When shown to have been made after the delivery of the note, it will be presumed that it was as a holder and to assign the instrument.

APPEAL from the Circuit Court of Peoria county; the Hon. MARION WILLIAMSON, Judge, presiding.

This was an action of assumpsit commenced by Selden F. White, James F. White and William G. White, in the Warren Circuit Court, to the September Term, 1857, against Joseph Weaver. The declaration was on a guaranty of the payment of a promissory note, executed by Samuel Stanley, payable to plaintiffs, for the sum of three hundred and forty dollars and ten cents, payable five months after date, and given on the 31st of October, 1856.

It is averred, that, on the date of the note and before its delivery, defendant entered into and made this guaranty: "For value received I guarantee the payment of the within note, and agree to pay the same according to the tenor and effect thereof. JOSEPH WEAVER," and that the note remained due and unpaid.

Defendant filed the general issue, and a plea denying the execution of the guaranty, upon which issues were formed. There were other pleas filed and issues formed, but as no question arises upon them they are unnecessary to an understanding of the case and are not given.

After many continuances the venue of the case was changed to Peoria county. And at the June Term, 1865, of the Peoria Circuit Court, the cause was submitted to the court for trial without the intervention of a jury, by consent of the parties. After hearing the evidence, the court found the issues for defendant, and plaintiffs thereupon entered a motion for a new trial, which was overruled, and judgment rendered in favor of defendant in bar of the action and for his costs. Plaintiffs bring the case to this court by appeal, and seek a reversal of the judgment of the court below.

Messrs. HITCHCOCK & DUPEE, for the appellants.

Messrs. WEAD & JACK, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, upon a guaranty, for the payment of a promissory note. The declaration avers, that the defendant, at the time of making the promissory note, and before its delivery to plaintiff, and in consideration that he would receive the same, made his certain promise and guaranty in writing. That Samuel Stanley made and delivered his promissory note to S. F. White and Brothers, for the sum of $340.10, payable five months after its date, which bore date the 31st of October, 1856. Over the signature of Weaver is

this indorsement: "For value received I guarantee the payment of the within note, and agree to pay the same according to the tenor and effect thereof." The declaration contained two special counts and the usual money counts. The general issue was filed. The venue was changed to Peoria county, and a trial was subsequently had by the court, a jury having been waived by the parties, when the court found the issues for the defendant. A motion for a new trial was overruled, and judgment rendered on the finding of the court. An appeal is prosecuted to reverse that judgment.

The whole controversy, in this case, turns upon the question whether appellee signed his name as a guarantor or assignor. If he wrote his name on the note before its delivery, and did not declare over his signature the nature of the liability he intended to assume, the law will charge him as a guarantor. If, however, he indorsed his name after the note went into circulation, the presumption would be that he designed only to incur the liability of an indorser. In such a case, to overcome that presumption, it would devolve upon the holder to show that he had agreed to guarantee the payment of the note; and such being a new and independent undertaking, it would require a consideration to support it. The holder of a note indorsed in blank, has a right to fill up the indorsement, by writing over the signature, any thing consistent with such instruments, and in accordance with the agreement of the parties. But, if a contract of guaranty is written by the holder when an assignment was only intended, the fact may be shown and defeat a recovery.

On the trial below, the note and indorsement were read in evidence. The signature of appellee on the back of the note was proved to be genuine. The deposition of one Cross, was then read, in which he states that appellee admitted to him, that he indorsed his name on the note before it was delivered to appellants. This witness states, that Haley was present when the conversation occurred. Haley says, he heard the conversation referred to by Cross, and says, that Cross came to the place where appellee and witness were standing, and said

to appellee: "The suit has gone in your favor." To which appellee replied: "That is right, it should have been so decided." That Cross then said he had some doubts about it, but the rest of the jury were satisfied and consequently he had agreed upon the verdict. Appellee replied that: "If his name had been at the bottom of the note he should have paid it." Haley states that this is all he recollects of the conversation. That he was with them during the whole of the conversation, and until they separated.

Quimby testifies, that the note was in his possession for collection. That he was engaged in the banking business, in Monmouth, and the note was sent to him for collection, by Hoffman & Gelpcke, before it was due. At that time the name of the appellee was on the note, but the guaranty was not written over it; nor had there then been any erasure of names on the note, but several names were then on it, which have since been erased. He testifies, that the maker was dead at the time, but the bank had no instructions to call upon appellee for payment, nor did the bank call on him to make payment. This witness also says, that he thinks Cross' hearing is not as acute as that of men in general.

From an examination of the original note, we see that the indorsement of the payees has been erased. Also the names of Hoffman & Gelpcke, which had been indorsed on the back of the note. In the case of *Stewart* v. *Smith*, 28 Ill. 397, it was *held*, an indorsement without date, will be presumed to have been made at the date of the note. In this case there was no date to the indorsement by appellee, nor is there any evidence to show when it was made. Whether before or after it was delivered does not appear from the evidence of any witness. Had any evidence been introduced from which it could have been inferred that the note had been delivered to the payee before appellee indorsed it, then we would be justified in concluding that payees had negotiated it to him, and he in like manner had assigned it to some other holder, and thereby became liable only as an indorser.

Again, appellee's name appears indorsed on the note at the

place where the first indorser's name usually appears, and stands first and is above all of the other names indorsed on the note.  While this is by no means conclusive, still it is strong presumptive evidence that he indorsed before the others.  And appearing before the others, it would seem to indicate that it must have been placed there before the note was delivered; and that he intended to incur the liability of a guarantor; and the holder in that case had the right to fill the blank with a guaranty. *Camden* v. *McCoy*, 3 Scam. 437; *Cushman* v. *Dement*, id. 497; *Carroll* v. *Wild*, 13 Ill. 683; *Klein* v. *Currier*, 14 id. 237; *Webster* v. *Cobb*, 17 id. 459; *Rich* v. *Hathaway*, 18 id. 548; *Bogue* v. *Melick*, 25 id. 91; *Heintz* v. *Cahn*, 29 id. 308.

What appellee said to Cross, if as Haley understood it, does not afford a solution to the difficulty.  His name was on the back of the note, without date, and that creates the presumption that he signed it as guarantor, but as Haley understood him, he only admitted his liability if he had signed it as maker, with his name on the face of the note.  He did not say that he signed it after its delivery, and as that must have been the question before the jury he would most likely have said so if it had not been true.

The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE LAWRENCE did not hear the arguments in this case, and took no part in its decision.