## JACOB DIETRICH

*v.*

## ALBERT A. MITCHELL.

1. ASSIGNOR — *payee who assigns in blank not a guarantor.* An indorsement in blank by the payee of a promissory note does not authorize the indorsee, or other person, through whose hands the note may pass, to write a *guaranty* over such indorsement.

2. PRESUMPTION — *from indorsement in blank.* If the name of a payee is found on the back of a note, the presumption, in this State, in the absence of proof, is, that he placed it there as assignor, with a view to assume the liabilities of an assignor under our statute. If it be sought to charge him as guarantor, the plaintiff must show, that he contracted as guarantor.

3. NON EST FACTUM — *what it puts in issue.* The plea, *non est factum,* sworn to, denying a guaranty written over the name of the assignor, who is payee, of a promissory note, puts in issue, and casts upon the plaintiff the burden of establishing, that the assignor contracted as guarantor.

4. INDORSER — *when presumed a guarantor.* A stranger, who indorses a note in blank, at the time of its execution, is presumed to indorse as guarantor.

5. PRIVILEGED COMMUNICATIONS — *what are.* An attorney cannot be compelled to testify as to whether a promissory note was indorsed when placed in his hands for collection. The privilege extends not only to what the attorney hears, but what he sees from his situation as attorney.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. D. M. WOODSON, Judge, presiding.

This was an action of assumpsit commenced to the September Term, A. D. 1865, of the Circuit Court of Morgan county by Albert A. Mitchell against Jacob H. Dietrich, as guarantor of a promissory note.

The declaration contained four counts. The first count set out a promissory note in the words and figures following:

"NAPLES, *November* 13, 1856.

"On or before the first day of March, 1858, I promise to pay J. H. Dietrich or order five hundred dollars, bearing ten per cent interest from March 1, 1857, for value received.

"JOHN C. CLIFTON."

And averred that the defendant, who was the payee therein, for value received, assigned, transferred and indorsed the same to the plaintiff in the words and figures following:

"For value received, I assign and guarantee the payment of the within note to A. A. Mitchell. Dated this fifth day of January, 1858.    "J. H. DIETRICH."

It also averred insolvency of Clifton, the maker.

The second count set out the same note and assignment; averred that the assignment was made for value received; that the maker was insolvent; and that the note was not paid.

The third count set out the same note and indorsement, averred that Dietrich was liable as guarantor, and that Clifton, the maker, was insolvent, but did not aver a consideration for the guaranty.

The fourth count set out the same note and writing on the back thereof, and averred that defendant, for the sum of five hundred and forty-two dollars and thirty-three cents, paid to him at that time, guarantied the payment of said note and failed so to do.

To this declaration the defendant filed two pleas — *non-assumpsit*, and *non est factum* sworn to — and the plaintiff joined issue.

A jury was summoned to try the issues, who, after hearing the evidence, returned, under the direction of the court, a verdict for plaintiff for $955.50.

The defendant moved for a new trial, which motion the court overruled, and entered judgment on the verdict. Defendant excepted.

On the trial, the plaintiff introduced two witnesses, who testified that they had known defendant for several years; had seen him write, and knew his handwriting; that the word, " J. H. Dietrich," was his handwriting, but that the writing above the name was not the handwriting of defendant.

Plaintiff then offered in evidence to the jury the note and guaranty thereon.

The defendant introduced Murray McConnel, who testified to the appearance and condition of the note while in his hands, as the attorney of plaintiff, previous to the suit.

The plaintiff objected, on the ground that his knowledge in that respect was privileged, but the court overruled the objection and admitted the testimony, to which plaintiff excepted.

The defendant also introduced a witness named J. H. Carver, and offered to prove that Clifton, the maker of the note, was in possession of a large amount of personal property long after the note became due, and after it was assigned to plaintiff. The plaintiff then entered a *nol. pros.* to the first and second counts of his declaration. Whereupon the court decided that the proof so offered was not admissible.

The defendant then moved the court to exclude the note and all writing thereon from the jury, on the ground that under the issue there was no proof of the execution of the guaranty, nor of a consideration therefor. Which motion the court overruled, and decided that the plaintiff was *not* bound to prove a consideration for the guaranty; that the plea in the case only put in issue the signature to the guaranty, and that when the defendant indorsed his name on the back of the note, and put the same in circulation, he thereby authorized any persons to whom it might come to write this guaranty over his signature.

Messrs. MORRISON & EPLER, for the plaintiff in error.

Mr. H. T. ATKINS, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of assumpsit brought by Mitchell against Dietrich, as guarantor of a promissory note. The note had been given by one Clifton to Dietrich, as payee. It had been indorsed by the latter, and over his name, in a different hand-writing, was written an assignment and a guaranty. He filed a plea denying under oath the execution of the guaranty. The jury found a verdict for the plaintiff, and the defendant brings up the record.

On the trial the plaintiff asked, and the court gave, the following instruction:

"2. The court further instructs the jury for the plaintiff that the plaintiff in this case, under the pleadings herein, in order to make out a *prima facie* case to entitle him to recover a verdict, is only bound on his own part to put the note in the declaration mentioned in evidence, and to prove the signature of the defendant, Dietrich, indorsed upon the back of said note, to be his true and genuine signature; and if the jury find such facts proven, and find no evidence offered on the part of the defendant, that the contract of assignment and guaranty, written on said note, over said defendant's signature, was not warranted by the agreement of the parties plaintiff and defendant herein, they will find for the plaintiff."

The defendant asked, and the court refused, the following instruction:

"2. If the jury believe, from the evidence, that the note in evidence in this case, when negotiated by defendant, was indorsed in blank by him, then it devolves upon the plaintiff, before he can recover in this case, to prove to the satisfaction of the jury, that defendant agreed to guaranty the payment of the note, or previously authorized or subsequently sanctioned the written guaranty indorsed upon the note."

The instruction given for the plaintiff should have been refused, and that refused for the defendant should have been given. If the name of the payee is found on the back of a note, the presumption in this State, in the absence of proof, is, that he has placed it there as assignor, with a view to assume the liabilities of an assignor under our statute. If it is sought to charge him as guarantor, the plaintiff must show that he contracted as guarantor. *Camden McCoy*, 3 Scam. 347; *Webster* v. *Cobb*, 17 id. 459; *Bogue* v. *Melick*, 25 id. 91; *Blatchford* v. *Milliken*, 35 id. 439. No such inference is to be drawn from the indorsement of his name in blank, as seems to be implied in the giving of one of the above instructions and the refusal of the other. And when, as in the present case, the defendant, being sued as guarantor, denies under oath the execution of the guaranty, the burden of proof is on the plaintiff. The fact that a contract of guaranty is found written above the name of the indorser, in a handwriting not his own, would not, of itself, be sufficient to raise a presumption that it was done by his authority, or that the contract was there when he wrote his name, because the presence of his name is to be accounted for by the fact, that, as payee of the note, it was necessary for him to indorse it, in order to give it negotiability. To hold that any person through whose hands a note may pass can write a guaranty over a blank indorsement and then require the indorser to disprove it, would be fruitful of fraud, and dangerous to every person who has occasion to receive and indorse a promissory note.

The case of *Hance* v. *Miller*, 21 Ill. 636, is quoted by counsel for the defendant in error as announcing a different rule. In that case there was one count against the defendant as guarantor and another against him as assignor under the statute. On the trial, the plaintiff entered a *nolle prosequi* to the count on the guaranty, and recovered under the other count by proving the insolvency of the maker. When the case came here, it was urged, if the guaranty which had been written over the name of the indorser was in fact unauthorized, the writing of such a guaranty was a fraudulent alteration of the indorse-

ment, and destroyed the validity of the assignment for all purposes whatsoever. Upon this point, the court said it would not, in the absence of all proof, presume the guaranty was unwarranted, and by such presumption vitiate the assignment, if such would be the legal effect. But to refuse to presume a guaranty to have been unauthorized, for the purpose of destroying an assignment admitted to have been executed in blank, is a very different thing from presuming the guaranty to have been authorized when a recovery is sought upon such guaranty. In such cases, if the execution of the guaranty is denied under oath, the party claiming its benefit must show such a contract was really made. This has been the settled law of this State ever since the decision in *Camden* v. *McCoy*, above cited. What we here decide is, that the mere signature of the payee of a note, upon its back, does not authorize the presumption, in the absence of all proof, that he placed it there as a guarantor, nor justify the holder in writing a guaranty over the name. The second instruction asked by the defendant should, therefore, have been given, and the second given for the plaintiff should have been refused, as tending to mislead the jury. When a stranger to the note indorses it in blank at the time of its execution, a different rule of course applies. He is presumed to indorse as guarantor. This was held in the cases above cited.

As this case must be remanded for another trial, it is proper that we should dispose of another question discussed in the argument. On the trial, Mr. McConnel was called by defendant as a witness, and he testified he had brought a former suit on this same note, and when the note was in his hands, the name of Dietrich, the defendant, was indorsed on the note, but no guaranty was written above it. This evidence was objected to as falling within the rule of privileged communications between attorney and client. The objection is valid. A similar question is very fully considered in the case of *Brown* v. *Payson*, 6 N. H. 443; and, after reviewing all the authorities, the court hold, an attorney cannot be compelled to testify as to whether a promissory note was indorsed when placed in his

hands for collection. In *Robson* v. *Kemp*, 5 Espinasse, 52, Lord ELLENBOROUGH held an attorney could not be compelled to prove the destruction of a written instrument in his presence and while he was acting as attorney. "One sense," said the court, "is privileged as well as another. He cannot be said to be privileged as to what he hears, but not as to what he sees, where the knowledge acquired as to both has been from his situation as an attorney." The pith of the question is presented in these few words. So in *Wheatley* v. *Williams*, 1 Mees. & Welsby, 541, the court held, all the judges concurring, that an attorney could not be compelled to state whether an instrument, when shown to him by his client, was stamped or not. The counsel for appellant cite *Baker* v. *Arnold*, 1 Caine, 257, as laying down a different rule. The Supreme Court of New Hampshire, *ubi supra*, in commenting on this case, point out the inaccuracy of the reporter's note, and, that RADCLIFF, Justice, alone sustained this position, while THOMPSON and LIVINGSTON, Justices, held the evidence inadmissible, and KENT, Justice, and LEWIS, Ch. J., gave no opinion on the point. The only other case cited by the counsel for appellant bearing directly on this question is, *Heister* v. *Davis*, 3 Yeates, 4, and the case is very brief and not much considered. The weight of authority is against the admissibility of the evidence, and this rule is founded in the sounder reason. If the knowledge comes to the attorney through his professional relation to his client, we cannot perceive, that it is important whether, in the language of Lord ELLENBOROUGH, it is by what he sees or what he hears. For the error in the instructions the judgment is reversed and the cause remanded.

*Judgment reversed.*