# CHARLES O. BOYNTON

*v.*

# DANIEL PIERCE *et al.*

1. GUARANTOR —*party presumed to be, whose name is written on the back of a note not payable to him.* Where the name of a party not the payee is found written on the back of a note, it will be presumed, in the absence of explanatory evidence, that he placed it there at the time of making the note, and that he indorsed it as guarantor.

2. Such an indorsement in blank is authority to the holder of the note to write over the signature anything that is consistent with the undertaking, and, as the undertaking is primarily that of a guarantor, it is proper for the holder to write a guaranty over the name on the back of the note.

3. In a suit on such a guaranty, where the defendant pleads the general issue, verified by affidavit, all that the plaintiff is required to prove is, the signature of the defendant.

4. The rule would be different if the holder of a note, indorsed in blank by the payee, should write a guaranty over the signature, and bring suit on it as a guaranty. In such case, if the defendant should deny the guaranty, under oath, the burden of proof would be upon the plaintiff to show that a contract of guaranty was intended.

5. SAME—*presumption that a party indorsing a note payable to another is a guarantor, may be rebutted by parol evidence.* The presumption that a party not the payee, who places his name on the back of a note, is a guarantor, may be rebutted by parol evidence. The character of the liability assumed may be explained and the legal presumption rebutted.

APPEAL from the Circuit Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. R. L. DIVINE, for the appellant.

Mr. A. C. ALLEN, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case contains special counts upon a guaranty of a promissory note made by W. C. Wilcox to plaintiffs. At what time defendant's name was written upon

the back of the note, whether at the date of making or subsequently, the evidence is silent. With the plea of nonassumpsit, defendant filed an affidavit of the truth of the plea. On the trial, plaintiffs' counsel, in the presence of the court, wrote the guaranty declared on, over defendant's name, on the back of the note, and, after proof of signature, offered the note and indorsement in evidence, which were by the court admitted over objection of defendant.

One of the causes assigned for a reversal of the judgment is, that the court erred. in permitting the note and indorsement to be read in evidence without proof that the undertaking of defendant, as evidenced by the blank indorsement, was, in fact, that of a guarantor. The position assumed can not be maintained. Defendant was not the payee of the note, but a third party, and, from the fact his name is found written on the back of the note, it will be presumed, in the absence of explanatory evidence, he placed it there at the time of making the note, and that he indorsed it as guarantor. The blank indorsement was authority to plaintiffs to write over his signature anything that was consistent with defendant's undertaking and the intention of the parties. Primarily, it would appear defendant's obligation was that of a guarantor, and hence it was proper to write the guaranty over his name on the back of the note. All that was necessary to be proven under the pleadings was, the signature of defendant, and, that proof being made, the note and indorsement were properly admitted as evidence. *Camden* v. *McKoy*, 3 Scam. 437; *Hance* v. *Miller*, 21 Ill. 636.

No doubt the rule would be different where the name on the back of the note is that of the payee. No presumption will be indulged he indorsed the note as guarantor, and if the holder writes a guaranty over the signature, which is denied under oath, the burden of proof will be upon plaintiff to show a contract of guaranty was intended. This is the rule declared in *Dietrich* v. *Mitchell*, 43 Ill. 40.

But one point insisted upon is fatal to the present judgment. As a matter of defense. defendant offered to prove his liability, if any existed by reason of the indorsement on the back of the note, was only that of guarantor of collection, or a mere indorser, but was denied the privilege. Under the former decisions of this court, this was proper evidence. It has been repeatedly held, the presumption a party, not a payee, who places his name on the back of a note, is a guarantor, may be rebutted by parol evidence. The character of the liability assumed may be explained and the legal presumption rebutted. *Camden* v. *McKoy, supra; Cushman* v. *Dement,* 3 Scam. 497; *White* v. *Weaver,* 41 Ill. 409. The reasoning in *Dietrich* v. *Mitchell, supra,* is consistent with the doctrine of the cases cited, and, indeed, we find nothing in all the cases in this court on this subject that militates against this view of the law.

Hence the court ought to have permitted defendant to show the character of his undertaking as evidenced by the blank indorsement—whether it was an absolute guaranty or a guaranty of collection, or whether he was a mere indorser, under the statute, according to the understanding of the parties at the time.

For the error in excluding the evidence tendered, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SHELDON dissents upon the last point.