# JOHN F. EBERHART

## v.

# JOEL S. PAGE.

1. PRACTICE—*affidavit of meritorious defense.* An affidavit filed with a plea, that the defendant verily believes he has a good defense to the suit upon the merits, to the whole of the plaintiff's demand, being in conformity with the statute, is a sufficient answer to a motion for a speedy trial of the cause out of its order on the docket, but if the defendant files another affidavit in answer to the motion, setting up the facts relied upon as a defense, the burden is thrown upon him to state such facts as the court can see constitute a meritorious defense.

2. SAME—*leave to file additional plea.* Where sufficient cause is shown, by affidavit, to file an additional plea, verified by affidavit, to put in issue the fact of the guaranty of the note, it is an abuse of discretion not to allow it.

3. INDORSEMENT—*whether as guarantor or indorser of note.* The indorsement of a note in blank by a third party, raises a presumption only, that it is intended thereby to assume the liability of a guarantor, which may be rebutted by proof that the real agreement between the parties was different.

4. EVIDENCE—*to show character of liability on blank indorsement.* A third person who indorses a note in blank before its delivery to the payee, may show by parol evidence, in a suit by the payee, that, by express agreement of the parties, he signed his name as indorser, and not as guarantor, and that the payee received the note with the full understanding that such person was an indorser.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. L. C. COLLINS, Jr., and Mr. H. G. LUNT, for the appellant.

Messrs. PAGE, PLUM & KELSEY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee sued appellant in assumpsit, as guarantor of a promissory note executed by one Miller to the Fourth National Bank of Chicago, for $1,300, with interest at ten per cent per

annum.  Appellant pleaded *non-assumpsit*, and filed an affidavit with his plea that he verily believed he had a good defense to the suit, upon the merits, to the whole of the plaintiff's demand.

Appellee made a motion for a speedy trial of the cause out of its order on the docket, and appellant, in opposition thereto, read his plea and affidavit, and also the following affidavit, which he then filed:

"John F. Eberhart, being first duly sworn, deposes and says: That he is the defendant in the above entitled cause, and that he verily believes he has a good defense to said suit, on the merits, to the whole of the plaintiff's demand.  And this deponent further says, the only cause of action in said suit is the supposed guaranty, set forth in the said declaration, and for no other cause whatsoever.  And deponent says, that when he wrote his name on the back of said note, he wrote the same as an indorsement, and not as a guaranty, and that the said plaintiff requested him to indorse, but not to guaranty the said note; and that the said plaintiff received the said note with the full understanding that this deponent was an indorser.

" That the said plaintiff informed the maker of the said note that he would accept the said note if this deponent would indorse the note; and it was in pursuance of the offer of the plaintiff, thus made, and at the request of the maker of the note, that this deponent put his name on the back of said note as an indorser; and that it was the express understanding between this deponent and the other parties to the note, that this deponent was simply an indorser, and not a guarantor, as charged in said declaration.

"And this deponent says, that the said supposed guaranty, which appears on the copy of the note filed in this cause, over the signature of this deponent, was not there at the time the note was indorsed by this deponent, but was wrongfully placed on said note more than six years after said note was made, and was put there simply as a last resort by the plain-

tiff to recover from this deponent, in that manner, that which he could not ever recover against this deponent on the original contract, by reason of the gross *laches* of the plaintiff.

"And this deponent says, that the plaintiff had no right to write said words of guaranty over the signature of this deponent; or any words of guaranty whatever, for this deponent had not, at any time, ever agreed, or consented in any way, shape or manner, to guaranty said note; that said note was not made in the ordinary course of trade or business of this deponent, and was not given to secure any debt, or liability, contingent or otherwise, of this deponent, but that he signed said note as a mere indorser, at the request of the maker of said note; and that he has never been indebted to said plaintiff, in any manner, at any time, except so far as he might have incurred liability by placing his name on the back of said note.

"And affiant further says, that during the six years and more last past since the giving of said note, he has had many conversations with the plaintiff, and with his attorney, about the said note, yet in none of those conversations or interviews did the plaintiff, or his attorney, ever state that this defendant was other than an indorser on said note. And this deponent further says, that on the day the said note matured, he went to the office of the plaintiff, who is a lawyer, charged with the delivery of $130 to the plaintiff, which he had received from the maker of the note, and that, at the request of the maker of the note, he asked the plaintiff to extend the note for six months, or a year, stating that the maker of the note was amply responsible, being the owner of valuable realty in his own name and right, which the plaintiff then well knew; that the plaintiff then said to this deponent that if he continued the note for that time, the deponent's liability would cease on said note, unless prosecution against the maker of the note was waived by this deponent.

"And further, deponent saith not, save that his defense is not made for delay, but in good earnest."

The motion for a speedy trial was then continued until a subsequent day of the same term, when appellant filed the following additional affidavit, and asked leave also to file a plea of *non-assumpsit* verified by affidavit:

"John F. Eberhart, being first duly sworn, says: That he did consent, on or about the 24th day of October, 1871, to waive prosecution of the note in said declaration mentioned, against the maker, but that more than two years before this action was brought he notified the plaintiff to sue the maker on said note, and that at the time he gave such notice, the maker was amply responsible within the State, and suit against her would not have been unavailing, but that the plaintiff failed to act on said notice for a long period of time after said notice was given, to-wit, for a year and a half, or thereabouts; and this defendant further says, that he can not at this late day give the exact conversation that passed between himself and the plaintiff at the time the note was made, owing to the long time elapsed, except the substance, which he has already set out in the affidavit hitherto offered."

The court refused leave to file the plea of *non-assumpsit* verified by affidavit, and ordered a speedy trial of the cause out of its order upon the docket, to all of which proper exception was taken.

At the conclusion of appellee's evidence, appellant, being sworn as a witness in his own behalf, was proceeding to give evidence, when the court inquired of his counsel what he proposed to prove,—and, upon being informed that he proposed to give evidence to rebut the presumption that appellant was guarantor of the note in suit, the court refused to hear his evidence, and thereupon gave judgment for appellee for the amount due upon the note; and to this, also, appellant excepted.

The first affidavit filed with appellant's plea, being in conformity with the statute, was a sufficient answer to the motion for a speedy trial. *Fisher* v. *National Bank of Commerce*, 73 Ill. 34. But having waived the right to stand by that affidavit by filing another setting up the facts relied upon as a

defense, the burden was thrown upon him to state such facts as the court could see constituted a meritorious defense. *Stuber* v. *Schack,* 83 Ill. 191; *Hays* v. *Loomis,* 84 id. 18.

We are of opinion that the affidavit does disclose such facts as constituted a meritorious defense. It shows that by the express agreement of the parties, when appellant signed his name on the back of the note, it was as indorser, and not as guarantor; and that appellee received the note with the full understanding that appellant was an indorser.

The indorsement of a note in blank, by a third party, raises a presumption only, that it is intended thereby to assume the liability of a guarantor, which may be rebutted by proof that the real agreement between the parties was different. *Camden* v. *McKoy,* 3 Scam. 437; *Cushman* v. *Dement,* ib. 497; *White et al.* v. *Weaver,* 41 Ill. 409; *Boynton* v. *Pierce et al.* 79 id. 145; *Stowell* v. *Raymond,* 83 id. 120; *Glickauf* v. *Kaufmann et al.* 73 id. 378.

Sufficient cause was shown for leave to file the additional plea, and it was an abuse of discretion not to allow it.

The court erred in ordering a speedy trial of the cause, and also in not allowing the additional plea to be filed and in rejecting the evidence offered by appellant.

The judgment is reversed and the cause remanded.

*Judgment reversed.*