PHILIP KINGSLAND *et al.*

*v.*

HERMAN KOEPPE *et al.*

*Filed at Springfield March 30, 1891.*

1.  PROMISSORY NOTE—*indorsed by third person—presumption of liability—parol evidence in rebuttal.* Where a person not the payee of a promissory note, but a third party, places his name on the back thereof, the presumption that he thereby assumes the liability of a guarantor may be rebutted by parol evidence, which is admissible to show that the agreement of the parties was different, and what liability was in fact assumed.

2.  SAME—*indorsed by payee—character of liability—not changed by parol evidence.* Where the payee of a note indorses his name on the back thereof, a contract of indorsement is created, and the liability assumed by him being established by the writing, parol evidence is not admissible to change or vary the terms or conditions of the contract.

3.  SAME—*former decisions.* The decision in *Johnson* v. *Glover*, 121 Ill. 283, was not intended to modify the doctrine announced in *Boynton* v. *Pierce*, 79 Ill. 145, *Stowell* v. *Raymond*, 83 id. 120, and *Eberhart* v. *Page*, 89 id. 550, and followed in *National Bank* v. *Nixon*, 125 id. 618.

4.  ASSIGNMENT OF ERROR—*by plaintiff—on judgment in his favor.* In a joint action *ex contractu* against four defendants, judgment by default was entered in favor of the plaintiff against one defendant, and on a trial by the court, judgment was rendered in favor of the other defendants: *Held*, that the plaintiff might assign for error the rendition of the judgment in his favor, against the defendant whose default was taken.

5.  JUDGMENT ON JOINT CONTRACT—*against all or none.* Where an action is brought on a joint contract, the general rule is that judgment must be rendered against all of the defendants or none.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county.

'Messrs. TENNEY, HAWLEY & COFFEEN, for the appellants:

Parol evidence was not admissible to show that the defendants were not guarantors. *Johnson* v. *Glover*, 121 Ill. 283; *Worden* v. *Salter*, 90 id. 160; *County Bank* v. *Nixon*, 125 id. 615; *Courtney* v. *Hogan*, 93 id. 101; *Underwood* v. *Hossack,* 38 id. 208.

A plaintiff in an action *ex contractu* must recover against all the defendants or none. *Davidson* v. *Bond*, 12 Ill. 84.

When a plaintiff may have an erroneous judgment in his favor reversed, see *Davidson* v. *Bond*, 12 Ill. 84; *Teal* v. *Russell*, 2 Scam. 319; *Jones* v. *Wight*, 4 id. 338; *Thayer* v. *Finley,* 36 Ill. 262; *Fuller* v. *Robb*, 26 id. 246; *Hartman* v. *Railway Co.* 64 id. 24; *Aten* v. *Brown*, 14 Bradw. 451.

·Mr. S. P. DOUTHART, for the appellees:

The liability of an indorser in blank may be shown by parol evidence. Brandt on Suretyship, sec. 153; *Lincoln* v. *Hinsey,* 51 Ill. 435; *Stowell* v. *Raymond*, 83 id. 121; *Glickauf* v. *Kaufman*, 73 id. 379; *Kirkham* v. *Boston*, 67 id. 599.

The blank indorsement of a third party's name on a promissory note is not a written contract. Brandt on Suretyship, sec. 153; *Barrows* v. *Lane*, 6 Vt. 161; *Dwight* v. *Linton*, 3 Robb. 57; *Seymour* v. *Wickey*, 15 Ohio St. 515; *Rey* v. *Simpson*, 22 How. 341.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Kingsland Bros. & Co., the appellants, against Koeppe, Schwuchow, Klinge and Loring, to recover a balance due on certain promissory notes executed by the Lake View Electric Light Company, and payable to the plaintiffs. At the date of the execution of the notes by the corporation the four defendants wrote their names across

the backs of the notes, and they were sued in this action as guarantors.

On the trial in the circuit court one of the defendants, Loring, withdrew his pleas, and judgment was rendered against him, by default, for the full amount claimed by the plaintiffs. Nothing need therefore be said as to him at present. The other defendants claimed that they were not guarantors of the notes, and offered parol evidence to show what the contract was between them and appellants at the time they placed their names on the backs of the notes. The court admitted the evidence, and in the propositions of law submitted held that it was competent to prove, by parol evidence, what the real contract between the parties was, and this ruling was approved in the Appellate Court.

Where the payee of a note indorses it by placing his name on the back of the instrument, a contract of indorsement is created. The liability assumed by the payee being established by the writing, parol evidence to change or vary the terms or conditions of the contract is not admissible. (*Mason* v. *Burton,* 54 Ill. 353; *Johnson* v. *Glover,* 121 id. 283; *Jones* v. *Albee,* 70 id. 34; *Woodward* v. *Foster,* 18 Gratt. 200.) But where a person who is not the payee of a promissory note, but a third party, places his name on the back thereof, a different question arises. In such case the rule long established in this State is, that it may be shown by parol evidence what liability was intended to be assumed. In an early case, (*Cushman* v. *Dement,* 3 Scam. 497,) where a third party wrote his name across the back of a note, it was held that the indorsement was *prima facie* evidence of a liability in the capacity of guarantor, but the legal presumption was liable to be rebutted by parol proof. In *Boynton* v. *Pierce,* 79 Ill. 145, where the obligation of a guarantor arose, it was expressly held, that the presumption that a party not the payee, who places his name on the back of a note, is a guarantor, may be rebutted by parol evidence. In *Stowell* v. *Raymond,* 83 Ill.

120, where the question again arose, the same rule was declared. The question again arose in *Eberhart* v. *Page*, 89 Ill. 550, and in deciding the case it is said: "The indorsement of a note in blank by a third party raises a presumption, only, that it is intended thereby to assume the liability of guarantor, which may be rebutted by proof that the real agreement between the parties was different."

From the cases cited it is apparent that this court is fully committed to the doctrine, that where a third party writes his name across the back of a promissory note, the presumption from the indorsement is that he assumes the liability of guarantor. Yet parol evidence may be introduced to prove what liability was in fact assumed.

It is conceded in the argument of appellants that the cases cited fully establish the rule indicated, but it is insisted that these cases were virtually overruled by *Johnson* v. *Glover*, 121 Ill. 283. This is a misapprehension of the force and effect of that decision. In that case, Johnson, who was the *payee* of a note, indorsed it in blank, and the note subsequently fell into the hands of Glover, who sued Johnson as a guarantor, and it was held that he was not a guarantor, but an *indorser*, and that parol evidence was not admissible to vary or change the character of the liability he had assumed. It is there said: "The general rule is, that the name of the payee appearing on the back of the instrument is evidence that he is indorser, and proves that he has assumed the liability of an indorser as fully as if the agreement was written out in words. (Citing authorities.) Parol evidence is no more admissible to contradict or vary this contract than any other written contract." What was decided in this case and what was said had reference solely to a payee of a promissory note who had indorsed the note in blank, and had no bearing whatever upon the rights or obligations of a third party who had placed his name on the back of a note. Moreover, it is manifest that there was no intention to overrule or modify the doctrine an-.

nounced in *Boynton* v. *Pierce,* 79 Ill. 145, *Stowell* v. *Raymond,* 83 id. 120, and *Eberhart* v. *Page,* 89 id. 550, from the ruling in *DeWitt County Nat. Bank* v. *Nixon,* 125 Ill. 618. This case was heard and decided some time after *Johnson* v. *Glover* had been decided and the doctrine of the *Boynton, Stowell* and *Eberhart cases* was approved, and these cases were cited as sustaining the rule announced.

We think, therefore, that the ruling of the circuit court that the defendants might resort to parol evidence to prove what contract was made between the parties was correct. The signatures of the defendants, written on the backs of the notes, were *prima facie* evidence that the defendants assumed the liability of guarantors; but whether the evidence introduced was sufficient to remove the legal presumption of guaranty was a question of fact for the trial court, who heard the cause without a jury, which does not arise here, and upon which we express no opinion. Whether the propositions of law held or refused by the court are technically accurate it will not be necessary to determine, as the judgment will have to be reversed on other grounds. What has already been said may be regarded as sufficient, on another trial, to obviate any supposed error in that regard.

As was said in the first part of this opinion, judgment was rendered against one of the defendants by default, and on the trial the court found in favor of the other defendants, and judgment was rendered in their favor against the plaintiffs. The plaintiffs now assign as error the rendition of judgment in their favor against one of the defendants, while judgment was rendered against them in favor of the other defendants. This error is well assigned. (*Thayer* v. *Finley,* 36 Ill. 262.) The action was brought on a joint contract, and the general rule in such cases is, judgment must be rendered against all or none. *Davidson* v. *Bond,* 12 Ill. 84; *Claflin* v. *Dunne,* 129 id. 248.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court.

*Judgment reversed.*