## Clarence E. Smith and Samuel A. Low v. Charles A. North and Louis D. Taylor.

1. PLEAS—*Amounting to the General Issue.*—The sustaining of a de-
murrer to a plea, which set up matters that were admissible under the
general issue, can not be assigned as error when the general issue was
also pleaded.

2. PROMISSORY NOTES—*Indorsed by Third Persons—Presumption
of Liability—Evidence in Rebuttal.*—The signature of a person, other
than the payee on the back of a promissory note, is *prima facie* evidence

Smith v. North.

that he assumed the liability of guarantor; and in a suit on such a contract it is a question of fact for the jury whether the evidence introduced is sufficient to remove the legal presumption of guaranty.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

### Statement of the Case.

This was a suit brought against the appellants, charging them as guarantors upon a promissory note in words and figures following, to wit:

" $8,000.                    Chicago, Ills., February 1, 1894.

Ninety days after date I promise to pay to the order of North & Taylor, Bankers, $8,000, at their office for value received, with interest at seven per cent per annum.

Donald R. Wilson."

(Indorsements :)

" Interest paid to May 5, 1894.

Interest paid to August 6, 1894.

Interest paid to November 7, 1894.

Interest paid to May 5, 1895.

We hereby guarantee the payment of the within note at maturity.

Smith & Low,

Smith & Low."

The jury found the issues for plaintiffs below, but allowed the appellants credit for $685.10, being an amount paid by them for taxes at the request of said plaintiffs.

The defendants below pleaded the general issue and that the maturity of the said note had been extended against their protest; that the payment of the said note had been secured by a trust deed upon real estate in Cook county, Illinois; that at the time of the making thereof, it was agreed by and between the parties thereto that the said North & Taylor should proceed against the maker of said note by foreclosure proceedings, or otherwise to enforce the payment thereof, and that the defendants should only be liable for the defi-

ciency that might remain after the foreclosure proceedings and sale of said premises had been made and consummated; that said plaintiffs therein had filed their certain bill to foreclose said trust deed given by the maker of the said note and had proceeded to a decree for the sale of the premises mentioned and described in said trust deed, directing the sale thereof by George Mills Rogers, a master in chancery of the Circuit Court; that said master has proceeded to advertise said premises for sale, and said defendants and other persons in a position to pay for said premises were present at the time and place indicated in the said notice of sale; that these defendants, and the said persons interested in the sale thereof, demanded that the said master in chancery, at the time and place provided in said notice, offer said premises for sale, and that the said plaintiffs, by their attorney, then and there refused to permit the said premises to be sold, and that the said master was directed to disregard said notice, and to not offer the said premises for sale; that said defendants and such other persons then and there offered to the said master to pay the amount due and owing upon the said note, which offer was then and there refused by the plaintiffs in said cause, and the master was forbidden by the said plaintiffs the privilege of offering the said premises for sale.

RUNYAN & RUNYAN, attorneys for appellants.

COOLIDGE, LEE & LEE, attorneys for appellees; HENRY C. NOYES, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The matters presented by the special pleas were, so far as any defense was thereby disclosed, admissible under the general issue; the defendants' demurrer was therefore properly sustained.

The defendants might, and did, resort to parol evidence to prove what the contract made between the parties was.    The

signatures of the defendants on the back of the note were *prima facie* evidence that the defendants assumed the liability of guarantors; whether the evidence introduced was sufficient to remove the legal presumption of guaranty was a question of fact for the jury. Kingsland et al. v. Koeppe et al., 137 Ill. 344.

The defendants were allowed to introduce all the competent evidence offered by them on this question.

We find no error warranting a reversal of the judgment of the Circuit Court and it is affirmed.