Eliza DeClerque, Appellee, *vs.* George W. Campbell, Admr., Appellant.

*Opinion filed December 17, 1907.*

1. Limitations—*the death of debtor extends time for bringing suit.* Under section 19 of the Limitation act, if a debtor dies before the expiration of the time limited for bringing suit and the cause of action survives, the time for bringing such suit is extended to the expiration of one year from the time letters testamentary or of administration are issued.

2. Same—*what stops running of statute against claim against estate.* The filing of a claim against an estate upon the adjustment day fixed by the administrator, and the entry of judgment thereon, stops the running of the Statute of Limitations notwithstanding the judgment is subsequently set aside, and the cause must be regarded as pending until an order of the court finally disposing of the claim.

3. Same—*when jurisdiction of probate court over claim is not lost.* An order of the probate court merely setting aside its judgment allowing a claim against an estate is interlocutory, only, and not appealable, and an appeal from such order being void does not deprive the probate court of jurisdiction; nor is such jurisdiction lost by a failure to enter special orders of continuance from time to time.

4. Pleading—*what is not a variance between notes described in claim and those offered in evidence.* Where notes are described in a claim against an estate as signed by a certain person and guaranteed by the deceased, the fact that the notes introduced in evidence, in addition to answering such description, bear the names of other endorsers besides the deceased does not constitute a variance.

5. Evidence—*statute requiring affidavit denying execution of a note applies to claim on note in probate court.* Section 33 of the Practice act, as it stood prior to the act of 1907, applies to claims on notes in the probate court as well as to suits at law, and no proof of execution is necessary to entitle the notes to admission in evidence in the absence of an affidavit denying such execution.

6. Bills and notes—*blank endorsement at time a note is executed is presumed to be a guaranty.* The endorsement of a note in blank by a third party creates the presumption that the endorser intended to become a guarantor, though such presumption may be rebutted by parol proof of the agreement; and it will be presumed that an undated endorsement was made at the date of the note.

7. Same—*what raises presumption that endorsement was made before note was delivered.* The fact that a third person's name appears first and above all other names endorsed upon the note in blank, while not conclusive, affords strong presumptive evidence he endorsed before the others and before the note was delivered.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. Worthington, Judge, presiding.

Charles H. Powell died August 12, 1902. On December 31, 1902, George W. Campbell was appointed administrator by the probate court of Peoria county and selected the March term, 1903, for the presentation of claims against the estate. On March 16, 1903, the first day of said March term, Eliza DeClerque filed an account against the estate for the amount of six notes signed by the Sylvan Remedy Company and guaranteed by Charles H. Powell, $1872.14. The administrator endorsed his consent to the allowance of the claim and the next day it was allowed. On motion of Anna C. Powell, the widow, this judgment was vacated, and the claimant appealed to the circuit court from the order vacating the judgment. In the circuit court the motion of the widow to vacate the judgment was overruled, but this order was afterward set aside and thereupon the claimant dismissed her appeal. The claim was again heard in the probate court and allowed for $1986. On appeal to the circuit court by the administrator, judgment was entered against the claimant, who appealed to the Appellate Court, where the judgment was reversed and the cause remanded. The cause was again tried in the circuit court, a jury being waived, and judgment was rendered in favor of the claimant for $2137.65. The widow prosecuted an appeal to the Appellate Court, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

C. C. Dutch, for appellant:

The probate court loses jurisdiction of a case unless it is tried at the term at which the claim is presented or proper orders of continuance are made. *Propst* v. *Meadows,* 13 Ill. 157; *Reitzell* v. *Miller,* 25 id. 67; *Schneider* v. *Foote,* 71 Ill. App. 410; *Viskniskki* v. *Bleakly,* 88 id. 613.

Where the Statute of Limitations releases the principal, the surety or guarantor is also released upon that ground. *Auchampaugh* v. *Schmidt,* 70 Iowa, 642; *Bridges* v. *Blake,* 106 Ind. 332; 19 Am. & Eng. Ency. of Law, (2d ed.) 178, 179.

The Practice act providing that the signature upon a note or bill sued upon cannot be denied unless by verified plea, does not apply to actions in the probate court or in courts of chancery. *Clokey* v. *Loan Ass.* 120 Ill. App. 214.

Where the note has been in circulation and the name of a third person appears upon it in blank, it cannot be determined whether the name was placed there for the purposes of transfer and creating the liability of simple endorsers or for the purpose of absolute guaranty. The note, in the course of negotiation, may have passed from holder to holder by blank endorsement, and therefore no presumption from the face of the instrument can be raised that the blank signature was placed there at the inception of the note, as a guaranty. *Webster* v. *Cobb,* 17 Ill. 465.

Winslow Evans, and Covey & Covey, for appellee:

The endorsement of Charles H. Powell precedes the endorsement of the payee. His endorsement is also in blank and without date. The presumption in such case is, therefore, as there is no date to the endorsement, that it was made at the date of the note and simultaneously therewith, and the law will presume that the contract of Powell was that of a guarantor. *Gridley* v. *Capen,* 72 Ill. 11; *Carroll* v. *Weld,* 13 id. 682.

A person who is not a party to a promissory note which is to become a valid obligation against the maker upon its delivery to the payee, by writing his name in blank upon the back of the note is presumed to assent to the obligation of a guarantor. *Blatchford* v. *Milliken,* 35 Ill. 434; *Boynton* v. *Pierce,* 79 id. 145.

The assignee or endorsee of the payee has the same right to recover of the guarantor as such payee. *Ellsworth* v. *Harmon,* 101 Ill. 274.

Mr. JUSTICE DUNN delivered the opinion of the court:

The first one of the six notes which formed the basis of the claim was as follows:

"$377.15.                              CHICAGO, *July 8, 1892.*
"Six months after date we promise to pay to the order of De-Clerque & Hirschman three hundred and seventy-seven and 15-100 dollars at seven per cent interest. Value received.
                                        SYLVAN REMEDY Co."

Endorsements on the back as follows:
                    "E. F. BALDWIN,
                    CHAS. H. POWELL,
                        E. F. B.
                    DeCLERQUE & HIRSCHMAN."

The other notes bore various dates, the last being January 3, 1893, and all were due six months after date. If nothing had occurred to stop the running of the Statute of Limitations all would have been barred by that statute in July, 1903. The death of the debtor, however, before the statute had run, extended the time within which suit could be brought to the expiration of one year from the date of issuance of letters of administration, December 31, 1902. (2 Starr & Cur. Stat. sec. 19, p. 2639.) The filing of the claim on the adjustment day fixed by the administrator and having judgment entered thereon stopped the running of the statute, and though this judgment was subsequently set aside the administrator was still in court, and until an order of court finally disposing of it was made, the cause

was still pending. The appeal from the order setting aside the judgment did not affect the cause, for such order was merely interlocutory. No appeal from such order was authorized by law, and it was void. (*Schofield* v. *Thomas,* 226 Ill. 631.) The jurisdiction of the probate court to proceed with the cause continued, notwithstanding the appeal. Such jurisdiction was not lost by the failure to enter special orders of continuance from time to time.

The cases of *Propst* v. *Meadows,* 13 Ill. 157, and *Reitzell* v. *Miller,* 25 id. 67, are relied upon as establishing the doctrine that the probate court loses jurisdiction of a case unless it is tried at the term at which the claim is presented or is continued to some specified time. In the latter case the claim, which was on an open account, was not filed until long after the day fixed by the administrator for the adjustment of claims. No notice was served upon the administrator until nine years after his appointment, and the court decided that such filing of a claim, not at the adjustment day and without attempting to give notice, was not such a beginning of a suit as would stop the running of the general five years' Statute of Limitations. In the former case the point decided was, that a claim filed at the time fixed by the administrator but not then adjudicated and not continued by an express order to a future time, could not afterward be taken up and allowed in the absence of the administrator and without notice to him. Both these cases were reviewed in the later case of *Barbero* v. *Thurman,* 49 Ill. 283, and their language in regard to the necessity of an express order of continuance to a definite time was qualified. In this case a claim was presented to the county court on the adjustment day appointed by the administrator and was twice continued, but was then left off the docket for more than three years. It was then redocketed and after two continuances tried. It was objected that the claim was not exhibited within two years, but it was held that the facts that the clerk neglected to keep the

case on the docket and that there was no express order of continuance from term to term were immaterial; that the claim had been exhibited within the required time and the bar of the statute saved.

In the case of *McCall* v. *Lee,* 120 Ill. 261, a claim was filed nearly two years after the grant of letters testamentary, and by agreement between the claimant and executors was continued to await the decision of another case between the same parties. The clerk left the case off the docket, and after four years, the other case having been decided, it was re-instated upon motion and notice to the executors. It was objected that it was error in the county court to do this, but it was held that, the claim having been filed within the required time, it made no difference whether the clerk kept it on the docket or not, so long as there was no order in any manner disposing of it.

The objection that there is a variance between the notes offered in evidence and the claim filed was properly overruled. The claim merely described the notes as signed by the Sylvan Remedy Company and guaranteed by Charles H. Powell. The description was incomplete but was correct as far as it went. The fact that the notes, when produced, in addition to answering the description given, bore the names not only of Powell but of two other endorsers, does not constitute a variance.

Objection was made to the introduction of the notes in evidence on the ground that there was no proof of their execution by Charles H. Powell, but the objection was overruled. Section 33 of the Practice act as it was prior to July 1, 1907, applied to a claim filed in the probate court, the same as to an ordinary suit at law. In the absence of an affidavit denying their execution the notes were therefore admissible in evidence without proof of execution.

It is further insisted that even if the endorsement is Powell's signature, there is no proof or presumption that his obligation is that of a guarantor. The law of this

State is well settled that the endorsement of a note in blank by a third party at the time of its execution creates a presumption that the endorser intended to assume the liability of a guarantor, though this presumption may be rebutted by parol evidence of the real agreement. (*Boynton* v. *Pierce*, 79 Ill. 145; *DeWitt County Nat. Bank* v. *Nixon*, 125 id. 615; *Kingsland* v. *Koeppe*, 137 id. 344; *Eberhart* v. *Page*, 89 id. 550.) In a suit on a promissory note or an endorsement thereof, it will be presumed, in the absence of evidence, that an undated endorsement was made at the date of the note. (*Boynton* v. *Pierce, supra; Stewart* v. *Smith*, 28 Ill. 397; *Gridley* v. *Capen*, 72 id. 11; *Klein* v. *Currier*, 14 id. 237.) But it is insisted that in a suit upon the endorsement of a third party the presumption arises only when the note remains in the hands of the payee, and the following language is quoted from *Webster* v. *Cobb*, 17 Ill. 459: "Where the note has been in circulation and the name of a third person appears upon it in blank, it cannot be determined whether the name was placed there for the purposes of transfer and creating the liability of simple endorser or for the purpose of absolute guaranty. The note, in the course of negotiation, may have passed from holder to holder by blank endorsement, and therefore no presumption from the face of the instrument can be raised that the blank signature was placed there at the inception of the note, as a guaranty." However, laying out of consideration any legal presumption, Powell's name appears first and above all other names endorsed on the note, and it has been held that this fact, while not conclusive, is strong presumptive evidence that he endorsed before the others and before the note was delivered. (*White* v. *Weaver*, 41 Ill. 409.) It cannot be said that there is no evidence that the deceased endorsed these notes as guarantor.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*