# O'Keefe Brothers Company, Appellee, v. Harold J. Finder et al., on appeal of Harold J. Finder, Appellant.

## Gen. No. 29,469.

1. APPEAL AND ERROR—*conclusiveness of recitals of record.* Assuming that the contention that after a judgment of the municipal court of Chicago has been set aside a new judgment could not properly be entered without the intervention of a new trial and the hearing of evidence be correct, it was unavailing on appeal where, a judgment having been entered against two defendants, the record of the second judgment against one of such defendants recited that the court heard evidence and then made its finding and entered judgment on the finding.

2. APPEAL AND ERROR—*presumptions on appeal in absence of bill of exceptions.* Although the rule is that when an action is brought upon a joint contract judgment must be rendered against all or none, unless a personal defense is interposed by one or more of the defendants of such character as infancy, bankruptcy or the like, in the absence of a bill of exceptions, in an action claimed to have been based upon a joint contract, and in which judgment was entered against only one of several defendants, showing what evidence was heard at the trial, it was presumed that the other defendant interposed a personal defense.

3. APPEAL AND ERROR—*affirmance of judgment against one of several defendants.* Failure of the record to show any disposition of an action on an alleged joint contract as to one of several defendants sued "jointly or severally" will not, in itself, prevent the judgment from being affirmed in the absence of any showing of prejudicial error as to the defendant appealing.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 17, 1925.

DULSKY, FRIEDMAN, SCHIMBERG & KOMIE, for appellant; S. D. FRIEDMAN, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against Harold J. Finder, John B. Miller and Louis Polakow "jointly or severally" to recover $321.32, claimed to be due plaintiff from the defendants for goods, wares and merchandise sold and delivered. All of the defendants were served with process and the defendant, Finder, filed an affidavit of merits denying that plaintiff had sold or delivered the goods, wares and merchandise mentioned in the statement of claim and denied that he was jointly liable with the other two defendants. The other two defendants, Miller and Polakow, filed a joint affidavit of merits, in which they set up that they had never ordered or received the goods, wares and merchandise referred to in the plaintiff's statement of claim and denied any indebtedness. They further set up that Miller ordered coal as alleged by plaintiff on behalf of the defendant Finder for certain premises as he was authorized to do by Finder. The cause came on for hearing and the suit was dismissed as to the defendant Polakow and after hearing the evidence the court found the issues against Finder and Miller for the sum of $321.32, the amount of plaintiff's claim. Judgment was entered upon the finding and Finder and Miller prayed and were allowed an appeal to the Appellate Court, upon filing a bond and a bill of exceptions within a specified time. Two days afterwards, plaintiff moved the court to vacate the finding and judgment. The motion was allowed and it was ordered that the finding and judgment be vacated and set aside. The order then recites: "And the court having heard the evidence and the arguments of counsel and being fully advised in the premises enters the following finding, to-wit: 'The court finds the issues against the defendant, Harold J. Finder, and assesses the plaintiff's damages at the sum of Three Hundred twenty-one and 32/100 dollars ($321.32)'" Judgment was entered on the finding and the defendant, Finder, was allowed an appeal to this court upon filing a bond within thirty days and a bill of exceptions within sixty

days. He has perfected his appeal by filing the common-law record in this court. There is no bill of exceptions in the record, so that we do not have the evidence that was heard by the trial judge before us.

The defendant first contends that when the court set aside the first judgment entered, a new trial should have been awarded; that it was error for the trial judge to enter a new judgment "without the intervention of a new trial," that is, that the second or new judgment could not properly be entered without the court hearing evidence. If we assume that defendant's position is in accordance with the law, we think it is of no avail because when the second or new judgment was entered, the record states that the court heard evidence and then made its finding against Finder and entered judgment on the finding. In these circumstances, it is clear that according to the record the court did hear evidence before entering the second or new judgment.

The defendant, Finder, further contends that since the suit is one in contract against several defendants, plaintiff must have judgment against all or none, and it was error to enter judgment against him without disposing of the case against the defendant, Miller. The law is, as contended by the defendant, that when an action is brought upon a joint contract, judgment must be rendered against all or none (*Kingsland v. Koeppe,* 137 Ill. 344) unless a personal defense is interposed by one or more of the defendants of such character as infancy, bankruptcy or the like. *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526. But in the absence of a bill of exceptions showing what evidence was heard on the trial, we must presume that the defendant, Miller, interposed a personal defense such as infancy, bankruptcy or the like since it is the law that every intendment must be presumed in favor of the validity of the judgment. And while the record shows no disposition to the case as to the defendant, Miller, it is not pointed out how this in any

way prejudiced the defendant, Finder. It is only for prejudicial error, in the absence of some positive rule of law to the contrary, that warrants us in reversing a judgment. Since the defendant, Finder, has failed to indicate in what manner he had been prejudiced by the failure of the court to dispose of the case against Miller, he cannot be heard to complain.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.