# ALBERT F. LINCOLN

### *v.*

# ELIAS C. HINZEY.

1. PROMISSORY NOTE—*joint makers—position of their signatures.* One may become liable as joint maker of a promissory note, without reference to the position of his signature, or whether it be found upon the face or back of the note, if it be shown, by satisfactory evidence, that the party signing did so as joint maker.

2. BLANK ENDORSEMENT—*character of liability assumed thereby.* If a note in the hands of the payee has upon its back the blank signature of a third person, the presumption, in the absence of proof, is, that such person endorsed as a guarantor. But the parties are at liberty to show what was their agreement, and what was the precise liability to be assumed.

3. The mere fact that the name is upon the back of the note can not be received as conclusive proof that the person placing it there did not intend to assume the liability of a joint maker.

4. PLEADING AND EVIDENCE—*where parties are sued as joint makers.* Where parties are declared against as joint makers of a promissory note, the production of a note signed at the foot by one, the name of the other appearing in blank on the back of the note, will, *prima facie*, support the declaration; and in the absence of a sworn plea by the latter, denying the execution of the note by him as maker, or of some stipulation on the subject, he can not deny that he was a joint maker.

5. CONTRACTS—*construction.* Where the payee of a promissory note executed by two joint makers, agrees at the time the note is made that a private account due from the payee to one of the makers should be applied as a payment on the note, when the balance should be ascertained by the parties, under a proper construction of the agreement, if the parties themselves can not agree upon the balance, that will not preclude the maker from having his proper credit, which may be ascertained upon the trial in a suit upon the note.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The opinion states the case.

Mr. H. GROVE, for the appellant.

The promissory note executed by Zeidler and Heineke only, was not properly admitted in evidence. The name of Lincoln, a stranger to the note, was endorsed on the back. It has been repeatedly held by this court that this makes Lincoln a guarantor—not a joint maker. *Blatchford* v. *Milliken*, 35 Ill. 434; *Camden* v. *McCoy*, 3 Scam. 437; *Cushman* v. *Dement*, 3 Scam. 497; *Carroll* v. *Weld*, 13 Ill. 682; *Klein* v. *Currier*, 14 Ill. 237; *Webster* v. *Cobb*, 17 Ill. 459.

Mr. Thomas Cratty for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by Hinzey, against Zeidler, Heineke and Lincoln, as joint makers of a promissory note. On the trial, the plaintiff offered in evidence a note signed at the bottom by Zeidler and Heineke, and on the back by Lincoln. The defendants objected to its introduction, but the objection was overruled, and this decision is assigned as error.

Lincoln had, in the first instance, filed a plea denying the execution of the note by himself as maker, verified by affidavit, but this plea had been withdrawn, and a written stipulation made between the attorneys that the defendants might prove, upon the trial, that Lincoln " had signed the note as guarantor, and not otherwise," in the same manner as if such defense had been pleaded specially. The effect of withdrawing the plea and making the stipulation was, to create a *prima facie* presumption that Lincoln had executed the note as set out in the declaration, which presumption might be rebutted by proof.

It is contended, however, by appellant, that the production of the note, of itself, showed Lincoln had not signed as a joint maker, and that he could not be held liable as such, his name appearing only on the back. We can not assent to this view. It is the settled law of this State, that the holder of a negotiable note, endorsed in blank, may fill up the blank with such

undertaking as is consistent with the nature of the instrument and the agreement of the parties. If a note, in the hands of the payee, has upon its back the blank signature of a third person, the presumption, in the absence of proof, is, that such person endorsed as a guarantor. But the parties are at liberty to show what was their agreement, and what was the precise liability to be assumed. The mere fact that the name is upon the back of the note can not be received as conclusive proof that the person placing it there did not intend to assume the liability of a joint maker. One may become liable as joint maker without reference to the position of his signature, or whether it be found upon the face or back of the note, if it be shown, by satisfactory evidence, that the party signing did so as joint maker. *Palmer* v. *Grant*, 4 Conn. 400, and cases cited in Story on Prom. Notes, sec. 468.

If a note reads, " We, A. B., as principal, and C. D., as surety, promise to pay," &c., and A. B. should sign the note at its foot, and C. D. upon the back, and deliver it to the payee, there could be no doubt but that the parties thus executing would be liable as joint makers to a holder of the note, though only principal and surety as to each other. This would be equally true where their names are not inserted in the body of the note, if the proof is clearly made. In such cases, the holder of the note might write over the blank endorsement, " I agree to be liable on the within note as joint maker," or words of kindred import, and if proven that such was the agreement, there is no reason whatever why such an endorser should not be charged as joint maker ; and this is the almost uniform current of the authorities.

It is apparent, from what we have said, that, in our opinion, the circuit court committed no error in the admission of this note. The declaration averred Lincoln was a joint maker, the sworn plea had been withdrawn, and he would not, in the absence of such plea, have been permitted to deny this, but for the stipulation. The state of the pleadings, and the production of the note, made a *prima facie* case for the plaintiff,

which the defendant, under the stipulation, was at liberty to controvert, and have the question submitted to the jury. This was done, and they found the issue for the plaintiff.

We are, however, of opinion, that the court erred in giving the fifth instruction for the plaintiff. The substance of the instruction is, that even if there was an agreement, when the note was made, that the private account of Lincoln against the plaintiff should be allowed as a payment upon the note when the balance should be ascertained, yet the jury were not to allow it unless the balance had been ascertained by the parties themselves. We can not concur in this. If it was agreed, when the note was given, that Lincoln's private account should be applied on the note, when ascertained by the parties, it would follow, if the parties could not agree upon the balance, that it must be ascertained by a jury, or by some other tribunal, and, when thus ascertained, Lincoln would still be entitled to his credit. If there was such an agreement, it must receive a reasonable construction; and it would not be reasonable to say the parties intended to leave it wholly to the plaintiff to determine the balance due. Such an agreement would have been worthless to the defendant. It should have been left to the jury to say, first, whether such an agreement had been proven, and, if it had been, to find, further, the true amount due, and apply it as a credit on the note.

We would further suggest to the circuit court, that in the last clause of the fourth instruction for the plaintiff, the word "endorser" seems to be used as the synonym of "assignor" under the statute. In that sense the instruction is correct, taken in connection with the pleadings and stipulation, but if the term should be understood in a wider sense, and as comprehending an ordinary guarantor, it would violate the stipulation. At another trial the instruction should be made more precise.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*