378      GLICKAUF *v.* KAUFMANN *et al.*      [Sept. T.

Opinion of the Court.

# SAMUEL GLICKAUF

*v.*

# GOTTLIEB KAUFMANN *et al.*

1. GUARANTY—*when indorsement of note amounts to.* Where the name of a person not the payee of a note is indorsed on it before delivery, in the absence of evidence to the contrary, he indorses it as guarantor.

2. A party to a tripartite agreement undertook, on his part, that, when the contract was executed by all the creditors of the third party, he would assume and become responsible for a certain per cent of the indebtedness of the third party to them, respectively, and would deliver to them the notes of the third party, with his indorsement, for the amount. In pursuance of this agreement, he indorsed notes given by the third party, payable to the creditors: *Held,* that his liability was that of a guarantor, and not of a mere indorser.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ALLAN C. STORY, and Mr. RUFUS KING, for the appellant.

Mr. ADOLPH MOSES, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The question raised is, whether appellant is the guarantor, or indorser, at common law or under our statutes, of the notes which are the subject of this litigation. The declaration declares against appellant as the guarantor of two promissory notes, executed by Rothchild, and payable to the order of appellees, to which he filed three pleas—first, that he did not undertake and promise, or guarantee, in manner and form as alleged; second, that he did not execute any guaranty, in writing, on either of said notes; and third, that he did not, in any manner or form, guarantee the payment of the notes; all of which were verified by his affidavit.

We have carefully considered the case in the light of the evidence, and we can not but regard the undertaking of appel-

lant as a primary obligation, being that of a guarantor. and not as a mere indorser at common law, or under the liability imposed by our statute.

From the evidence of appellant, who was a witness in his own behalf, it appears he wrote his name across the back of the notes, at the date of their execution, and before delivery; that no guaranty was then written over it; and, while he most positively declares he never guaranteed the notes, he nevertheless does state he indorsed the notes in pursuance of the tripartite agreement introduced in evidence. That agreement was signed by the creditors of Leopold Rothchild, among whom were appellees, the maker of the notes, Leopold Rothchild, and appellant. It was agreed the creditors would accept, in full satisfaction of their respective claims, 35 per centum in consideration of being secured the same by the indorsement, or acceptance, of appellant on the notes of Rothchild; and appellant, on his part, agreed that, upon the execution of the agreement by all the creditors, he would assume and become responsible to each of them, respectively, for 35 per centum of his or their claims against Rothchild, and would deliver to the creditors, in settlement thereof, the individual notes of Rothchild, with his own indorsement thereon, or, at the option of any creditor, the drafts of Rothchild, accepted by him and payable as stipulated.

The rule of law is so well settled, by a uniform course of decisions in this State, it admits of no further discussion that, where the name of a person not the payee of the note is indorsed on it before delivery, the presumption is, in the absence of evidence to the contrary, he indorsed it as guarantor. *Cushman* v. *Dement*, 3 Scam. 497; *Lincoln* v. *Hinzey*, 51 Ill. 435.

This presumption has not been overcome by anything in the evidence. The oral testimony in the case must be considered in connection with the written agreement between the parties, and when that is done, it very clearly appears appellant indorsed the notes as guarantor, and not in the capacity of an indorser at common law. The terms employed in the written

agreement are wholly inconsistent with appellant's theory of the case. He was to "assume and become responsible" on the notes to be given, and, at the option of any creditor, he was to "accept" the drafts of Rothchild. These words indicate as unequivocally as language can that appellant's obligation was primary, not secondary. He was to indorse the notes—that is, he was to place his name on the back of them. But how? Not in the capacity of indorser as at common law, or as assignor under our statute, but in pursuance of the written agreement, so as to become responsible primarily as an original undertaking. The fact the creditors had the option to have him accept the drafts of Rothchild, is conclusive evidence the obligation he was to assume was absolute, and not conditional.

The court was asked by counsel to decide the agreement between appellant and appellees was that of indorser at common law, or that of assignor under the statute of this State. This the court properly refused to do. Appellant was not a mere common law or statutory indorser. The legal effect of the agreement was, to make him a guarantor of the payment, and not merely of the collection of the notes to be given in satisfaction of Rothchild's indebtedness. The evidence is full to this point. Hence, appellees were authorized to write a guaranty over the signature of appellant. It was the legal effect of the agreement between the parties.

The court committed no error in construing the contract, and its judgment must be affirmed.

*Judgment affirmed.*