## NICHOLAS B. DELAMATER
### v.
## FRANCES KEARNS.

*Negotiable Instrument—Note—Guaranty—Indorsement.*

1. There is no presumption of guaranty from the indorsement of a note by a stranger, where the contract is written out on the back of the note in terms pointing to a different liability.

2. In an action against the indorser of a promissory note, this court holds, there being no evidence of diligence to collect from the maker, or that a suit against her would have been unavailing, or that she had absconded, or resided out of or had left the State, that the judgment for the plaintiff can not stand.

[Opinion filed May 28, 1890.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. N. A. PARTRIDGE, for appellant.

Mr. S. B. MINSHALL, for appellee.

GARNETT, J. The only question calling for decision in this case is whether the contract sued on was a guaranty or indorsement.

The instrument relied on is this:

"$210. CHICAGO, ILLS., 1885.

"One year after date I promise to pay to the order of Frances Kearns, two hundred and ten dollars, at my office, with interest at eight per cent per annum, value received.

"JULIA A. KING."

Written on the back were these words:

"Endorsed by

"N. B. DELAMATER."

The presumption of guaranty arising from a blank indorsement by a stranger to a note, is of no value in this case, as

Delamater v. Kearns.

the indorsement with which we are dealing is not in blank. The authorities on this point have been limited to blank indorsements, as in Kline v. Currier, 14 Ill. 237, and subsequent cases, and we believe no authority can be found in this State to favor the presumption, where the contract is written out on the back of the note in terms pointing to a different liability.

The meaning of "indorse" is commonly understood to be different from that of "guaranty."

In Chap. 98 of the Revised Statutes, the word "indorsement" is used to express an act that imposes the well known statutory liability upon the indorser, and which is very far short of the undertaking of a guarantor. This meaning of the contract of indorsement was recognized in Eberhart v. Page, 89 Ill. 550. One of the rules for interpretation of written contracts is, that the words are to be understood in their plain and literal meaning, although the consequences may not have been in the contemplation of the parties. Anson on Contracts, 2d Am. Ed. 330. Another that—"every clause and even every word should, when possible, have assigned to it some meaning. It is not allowable to presume, or to concede when avoidable, that the parties in a solemn transaction have employed language idly." Bishop on Contracts, Sec. 384.

If we are to say that appellant intended a guaranty of the note, it must be because a fragment of his contract means exactly what the whole of it means. This can not be unless the first two words are arbitrarily rejected. If it was a guaranty, nothing need have been set down but his name. When something more was written which, by common consent, imports an undertaking less absolute than his bare signature would, that something must have its usual and natural effect.

Where "indorse" has been construed to mean "guaranty," it has been in connection with other words, indicative of an intention to assume the latter liability, as in Glickauf v. Kaufman, 73 Ill. 378, and Tatum v. Bonner, 27 Miss. 760. The indorsement of appellant meant that, in certain contingencies, defined by the statute, he would pay the note, and it meant this as fully as if the agreement had been written out in

words. That was the legal effect of the indorsement, and it can not be varied by proof of a different parol agreement. Mason v. Burton, 54 Ill. 349.

There was no evidence of diligence to collect from the maker of the note, or that a suit against her would have been unavailing, or that she had absconded, or resided out of, or had left the State, and therefore the judgment should have been for the defendant. The judgment is reversed.

*Judgment reversed.*

GARY, P. J. I dissent on the ground that the words "endorsed by" are not to be read as words of contract but only as descriptive of what would have appeared without those words.