68   631
168s 343

## Charles F. Milligan v. Zephaniah S. Holbrook.

1. INDORSER—*Can Not be Held as Guarantor.*—A person having contracted to assume the liability of indorser can not be held as a guarantor.

2. SAME—*Liability Different from a Guarantor.*—The liability of an indorser is conditioned; that of a guarantor is more onerous.

Assumpsit, upon a guaranty. Appeal from Circuit Court, Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

G. W. & J. T. KRETZINGER, attorneys for appellant.

ASHCRAFT, GORDON & COX, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant brought suit against appellee, alleging that he guaranteed the note of one R. W. Day for $8,000, payable to appellant. At the same time suit was brought against Day as maker. By agreement, both suits were tried together without a jury. The court found that appellee was not a guarantor, but a simple indorser, and rendered judgment against appellant.

The instrument under consideration is as follows:

$8,000.                                    "CHICAGO, Jan. 2, 1893.

Nov. 1st, '93, after date, I promise to pay to the order of C. F. Milligan, eight thousand dollars, valued received, with interest at —— per cent per annum.

This note is not negotiable before maturity.

R. W. DAY.

Indorsed: Z. S. HOLBROOK."

Day, Holbrook and Milligan testified as to the circumstances under which the indorsement was made, and the conversation before then had by the respective parties.

The court held the following:

" Held, as law in this case, that if the court should believe from the evidence that at the time the name of Holbrook was placed on the back of the note in evidence that plaintiff said in substance to Holbrook, 'You indorse these notes, do you not?' that Holbrook replied, 'I indorse these notes because I consider Mr. Day good, and you have got to exhaust him before you can collect of me;' and that plaintiff replied, 'All right;'" and that thereupon Holbrook put his name on the back of the notes and they were delivered to the plaintiff; and if the court should believe from the evidence that no other or different arrangement or language was used than aforesaid, and that no other agreement or understanding was had than that embraced in the language aforesaid, that then and in that case Holbrook, as matter of law, contracted as indorser and not as guarantor, and that this action can not be maintained."

Appellant has no reason to complain of the action of the trial court.

The contract of appellee was, upon sufficient evidence, found to be one of indorsement, not of guaranty.

Having contracted to assume the liability of indorser, he can not be held as a guarantor. Eberhardt v. Page, 89 Ill. 550; Delamater v. Kearns, 35 Ill. App. 634; Tatum v. Bower, 23 Miss. 760; Russell v. Clarke's Ex'rs, 7 Cranch, 69. The liability of an indorser is conditional; that of a guarantor is more onerous. Daniel on Neg. Instruments, Vol. 1, p. 528, Sec. 667; and same, Vol. 2, p. 678, Sec. 1754. The judgment of the Circuit Court is affirmed.