First National Bank of Ava, Illinois, Appellee, v.
Jacob Yakey et al. A. C. Mautz, Appellant.

Gen. No. 8,285.

Opinion filed January 24, 1929.

JOHN J. BAKER, for appellant.

W. F. ELLIS and GEORGE B. RHOADS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On May 26, 1928, the First National Bank of Ava, Illinois, appellee, procured a judgment in the sum of $1,310.76, by confession in vacation in the circuit court of Shelby county against Jacob Yakey, Rose Yakey and A. C. Mautz, the latter being the only appellant. On May 29, 1928, Mautz filed his special and limited appearance in the cause for the sole and only purpose of procuring the docketing thereof and the filing and presentation of a motion, ''to open, vacate and set aside the judgment heretofore entered by the Clerk of this court in the above entitled cause, in vacation, as to this defendant, and quash the execution heretofore issued in this cause as to this defendant, and for cause of his said motion this defendant shows . . . that this defendant was not and is not a maker nor signer of said note; that this defendant did not and has not executed said note; that this defendant has not waived service of process in said cause, and has never been served with process and summons in said cause; that this defendant has not and did not execute any power of attorney authorizing any person to confess judgment on the note declared upon in this cause; . . . that the Clerk of this court was wholly without jurisdiction or authority to enter judgment against this defendant in said cause, and that said judgment as to this

defendant is wholly null and void, . . . Wherefore, this defendant moves this court to open, vacate and set aside said judgment as to this defendant, and to quash the execution issue thereon as against this defendant."

The note was an ordinary promissory note with the usual power of attorney to confess judgment. At the foot of the power of attorney the names Jacob Yakey and Rose Yakey were signed. On the back of the note the name of appellant, A. C. Mautz, was signed. The declaration charges that appellant, Mautz, was one of the makers of the note. Upon a hearing of the above-mentioned motion the court entered the following order: "Upon consideration by the court that portion of defendant's motion to vacate said judgment is denied, and that portion of said motion to open up said judgment is allowed as to defendant A. C. Mautz and said judgment against said defendant A. C. Mautz is opened up. Said judgment to stand as security and the execution heretofore issued herein is ordered stayed and defendant A. C. Mautz is ruled to plead by November 12, A. D. 1928."

Prior to the adoption of the Negotiable Instrument Act in 1907, Cahill's St. ch. 98, ¶ 21 *et seq.*, the presumption of law was that in the absence of any words denoting a contrary intention, a name indorsed on the back of a promissory note was that of a guarantor, but this presumption, however, was not conclusive and parol evidence was admissible to prove that such signature was, in fact, signed in the capacity of a maker or indorser. In the case of *Lincoln v. Hinzey*, 51 Ill. 435, it was held: "It is contended, however, by appellant, that production of the note, of itself, showed Lincoln had not signed as a joint maker, and that he could not be held liable as such, his name appearing only on the back. We can not assent to this view. It is the settled law of this State, that the holder of a negotiable note, endorsed in blank, may fill up the blank with such undertaking as is consistent with the nature of the

instrument and the agreement of the parties. If a note, in the hands of the payee, has upon its back the blank signature of a third person, the presumption, in the absence of proof, is, that such person endrosed as a guarantor. But the parties are at liberty to show what was their agreement, and what was the precise liability to be assumed. The mere fact that the name is upon the back of the note can not be received as conclusive proof that the person placing it there did not intend to assume the liability of a joint maker. One may become liable as joint maker without reference to the position of his signature, or whether it be found upon the face or back of the note, if it be shown, by satisfactory evidence, that the party signing did so as joint maker.'' In the case of *Kistner v. Peters,* 223 Ill. 607, it is said: ''It is undoubtedly true that one may become liable as a joint maker of a promissory note without reference to the position of his signature, whether it be found upon the face or back of the note, if it be shown by satisfactory evidence that the parties signing did so as joint makers. In other words, it is immaterial upon what part of the paper the signature of a party may appear, provided it be shown by satisfactory evidence that in signing it he did so intending to become a joint maker.'' And also in the case of *DeClerque v. Campbell,* 231 Ill. 442, it was held: ''The law of this State is well settled that the endorsement of a note in blank by a third party at the time of its execution creates a presumption that the endorser intended to assume the liability of a guarantor, though this presumption may be rebutted by parol evidence of the real agreement.''

It is the contention of appellant that the above rules of law have been abrogated by the adoption of the Negotiable Instrument Act. The sections of this statute, pertinent to this question, are:

''17. Where the language of the instrument is ambiguous, or there are omissions therein the follow-

ing rules of construction apply: . . . 6. Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser.''

"63. A person placing his signature upon an in- strument otherwise than as maker, drawer or acceptor is to be deemed an indorser, unless he clearly indicated by appropriate words his intention to be bound in some other capacity.''

"64. Where a person, not otherwise a party to an instrument, places thereon his signature in blank be- fore delivery, he is liable as indorser in accordance with the following rules: 1. If the instrument is a note or bill, payable to the order of a third person or an accepted bill, payable to the order of the drawer, he is liable to the payee and to all subsequent parties.''

"191. The person, 'primarily' liable on an instru- ment is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable.'' Cahill's St. ch. 98, ¶¶ 37, 83, 84, 214.

It is the contention of appellee that the above sec- tions of the act have no effect other than to change the presumption of law previously existing, that the in- dorsement of a name in blank upon the back of a note created liability as guarantor, to that of indorser and that it may still be shown by parol evidence that a name so indorsed was intended to be, in fact, that of a maker. In so far as our research has disclosed the question here involved has never been directly passed upon by the Supreme Court of this State, however, in the case of *Tucker v. Mueller,* 287 Ill. 551, it was held: ''It will be seen by an examination of these authorities that under similar provisions of the Negotiable Instrument act the conclusion is now settled, beyond question, by the express provisions of the act, that the person who indorses a note in blank under circumstances as here

set forth is merely an indorser and is not bound in the absence of notice of dishonor. In our judgment the provisions of our Negotiable Instrument act, as enacted in 1907, must be held to have changed the rule announced in the previous decisions of this court that the liability of a person who indorsed a note in blank on the back, at or before the time of its delivery to the payee, was *prima facie* that of a guarantor, and· we are of the opinion that in the light of these provisions of the act he must be held only to the liability of an indorser." And the court further held: "It is generally held that inasmuch as the Negotiable Instrument act fixes the status of the signature as that of indorser, parol evidence is not admissible to show a contrary intention, although some authorities hold to the contrary. (8 Corpus Juris, 78, and cases cited.) It is, however, unnecessary to discuss the question whether or not parol evidence is admissible here, because no evidence was taken on the hearing, it being conceded in the briefs of defendant in error that if plaintiffs in error are not accomodation indorsers or guarantors they will not be bound if they were not given notice of the dishonor."

The object of the adoption of the Negotiable Instrument Act by a number of the States of this country was not only to codify the law merchant but to establish a uniformity as to the rights and liabilities of parties to negotiable instruments. In our opinion, the intention of the legislature was to fix, by law, the status of an indorser in blank upon the back of a negotiable note as that of an indorser and that parol evidence is not admissible to change its character nor can such character be changed by alleging in the declaration that such an indorsement, was, in fact, made as a maker.

The court treated the motion made by appellant as a double or alternative motion. It is true that the motion was to open up, vacate and set aside the judg-

ment. A motion to open up a judgment of necessity carries with it a request for leave to plead to the merits. A motion to vacate and set aside a judgment based upon the lack of jurisdiction of the court to enter the judgment does not embrace within it any such request. Both appellant and appellee in this court insist that the motion in effect was one to set aside and vacate the judgment and should be considered as such and that that was the only motion that was argued or presented to the court below. Appellant filed a limited appearance for the purpose of making the motion only, which is addressed solely to the jurisdiction of the court to which he has never submitted his person. We are disposed to adopt the same view as that of both appellant and appellee that the motion was or was intended to be to vacate and set aside the judgment only and that the words "open up" were inadvertently used and should be treated as mere surplusage.

Our conclusions as announced herein dispose of the cross-errors assigned by appellee. A judgment in assumpsit is an entity and where it is rendered against several persons it cannot be set aside as to one party without setting it aside as to all. The judgment of the circuit court is reversed and the cause remanded with directions to sustain the motion of appellant and to vacate and set aside the judgment entered in the circuit court.

*Reversed and remanded with directions.*