*Shippen, President.
 

 As the law that has prevailed upon this r*239 subject, is adapted to the peculiar situation of the country, it will nat- *- urally differ from the law which is established in other places, under difterent circumstances. Thus, though in England, the shop-book of a trades-
 
 *250
 
 U) an is not evidence of a debt, witbout the assistant oath of the clerk who made the entry ; yet here, from the necessity of the case, as business is often ca rried on by the principal, and many of our tradesmen do not keep clerks, the book, proved by the oath of the plaintiff himself, has always been admitted. The practice in this respect, however, has been confined to charge the original debtor, to whom the goods were sold ; for, the necessity of the case only required, that the plaintiff’s oath should be allowed to prove the actual delivery; and it would be highly dangerous, if the evidence were extended to establish the assumption of a third person to pay the debt.
 

 It is the duty of the jury, therefore, to consider, whether the defendant, on the present occasion, is the original debtor, or merely a person assuming to pay the debt of another. If, indeed, it appears, that he has sent a servant, or tradesman, for these goods, on his own account, he is clearly liable; for, when they come to his use,
 
 that
 
 makes him the original debtor. But if I go to a shop with a joiner, and say to the master, “ I will see you paid for the articles with which you trust this man ;” here, though I am liable, upon proof of this undertaking, yet it is not in the character of the original debtor, for the joiner who received the goods is the original debtor ; but it is on account of, what the law terms, my collateral promise ; which cannot be proyed by the testimony of the party interested, but may by a note in writing, or by some indifferent witness to the transaction.
 

 In the case before us, the evidence of the justice (Mr. Howell), is not certain as to the circumstances ; for the goods were delivered in small parcels, from time to time ; they were such as suited the joiner’s business ; and even, from the plaintiff’s own account, they were applied to his use, though the defendant was considered to be liable for the payment. Whether these facts, therefore, and the defendant’s previous purchase at the plaintiffs’ store, will account for the acknowledgment of having received a part, the jury must determine. But if they are of opinion, that the defendant has only assumed to pay the debt of another person, the plaintiffs cannot be witnesses in the cause, and, consequently, there is no proof of the assumption. On the contrary, if they think the defendant is the original debtor, the plaintiffs are witnesses to prove the entry in their book, and they are entitled to recover the amount of their demand.
 

 Verdict for the defendant,
 
 (a)
 

 (a)
 

 In Sterrett
 
 v.
 
 Bull, 1 Binn. 237; C. J. Tilghman said, “ In consideration of the mode of doing business in the infancy of the country, when many people kept their own books, it has been permitted,from the necessity of the case,to offer these books in evidence. But when no such necessity exists, when the fact is, that clerks have been employed, and the entries made by them, there is no cause for violating that wise principle, that no man shall be allowed to give testimony for himself.” It was accordingly held in that case, that where the entries were made by a clerk, he must be produced, or proof made that he is dead, or out of the power of the court. In a more recent case (Thompson v. McKelvey, 13 S. & R. 127), the same learned judge, in reference to the admissibility of papers purporting to be a book of original entries kept by the plaintiff himself, remarked, “ This kind of evidence was admitted in the early stages of the settlement of Pennsylvania, from necessity. Business was small, and people could not afford to keep clerks. But in the present state of society, a strict hand is :o be kept over it. We must not extend it beyond its ancient limits.” In Mifflin
 
 v.
 
 Bingham,
 
 post,
 
 272; C. J. McKean seemed to think, that the books of a defendant were evidence to determine a
 
 *251
 

 collateral
 
 question, as that a third person was the defendant’s debtor at a certain period; but the authority of the case in the text, has, it is believed, never been shaken. Under what circumstances shop-books will be admitted to charge a party to the suit, see Ducoign
 
 v.
 
 Schreppel, 1 Yeates 347; Vance v. Fairis, 2 Dall. 217; 1 Yeates 321; Ogden v. Miller, 1 Bro. 147; Wilmer
 
 v.
 
 Israel, Id. 257; Wright
 
 v.
 
 Sharp, Id. 344; Curren
 
 v.
 
 Crawford, 4 S. & R. 5; Rogers
 
 v.
 
 Old, 5 Id. 404; Ingraham
 
 v.
 
 Bockius, 9 Id. 285; Smith
 
 v.
 
 Lane, 12 Id. 80; Summers
 
 v.
 
 McKim, 12 Id. 405; Thompson v. McKelvey, 13 Id. 126; and Kaughley
 
 v.
 
 Brewer, 16 Id. 133. It has been held, that the plaintiff was not competent to prove the handwriting of a person who made the entries in his book, and who had subsequently died. Karsper
 
 v.
 
 Smith, 1 Bro. app’x liii.