Indebitatus assumpsit for 173I. for twelve clocks sold by the plaintiff to the defendant, and also a count on a quantum valebant. Pleas non assumpsit and payment. Replication non solvit¡ and issues.
The plaintiff produced his'day book, and proved by his own oath, the originality of the entry therein of the articles sold to the defendant on the 24th November 1784.
The defendant grounded his defence on this, that the clocks were not sold to him, but delivered to him on commission to *198 sell on the plaintiffs’ account and pay him the monies arising therefrom.
Approved and followed in 2 Wh., 36, where it was decided that the hook of original entries of a tradesman is not evidence of the delivery of goods to he sold on commission, even though such book be offered not to charge the defendant, but as rebutting evidence to explain certain payments proved by the defendant.
Messrs. M’Kean and Sampson Eevy, pro quer.
Messrs. Montgomery and Hopkins, pro def.
He called a witness to establish this fact, but the testimony did not support the assertion.
He then offered his own day book in evidence, to shew his entry therein, at the time that he had received the clocks to be disposed of, on commission, and had sold several of them on the plaintiffs’ account, wherewith he had charged himself. *1Qq-i *This was objected to; and per curiam, the evidence J cannot be admitted. It is not within the reason or necessity, under which day books have been usually admitted in evidence in courts of judicature, within this state. The agency contended for, must be proved by other testimony than defendants’ own words or hand writing. If he can establish his agency by proper proof, there is an end of the present controversy, for the plaintiff has laid no count for money had and received to his use, and therefore the allegata and probata would not concur. The danger of such testimony is sufficiently obvious; since there is no sale of goods made by a merchant or shopkeeper in the ordinary course of business, which might not be defeated by evidence of this nature, and the greatest inconveniences must arise from its introduction.
The jury gave a verdict for the plaintiff for the principal sum, and also for 46I. 8s. 9%E. in damages for vexatious delay of payment, under the charge of the court.