## MURPHY *against* CRESS.

#### IN ERROR.

1. The book of original entries of a tradesman, is not evidence of the delivery of goods to be sold *on commission,* even though such book be offered not to charge the defendant, but as rebutting evidence to explain certain payments proved by the defendant.

2. Non-joinder of a co-partner defendant cannot be taken advantage of, on the trial.

THIS was a writ of error to the District Court for the city and county of Philadelphia, to remove the record of an action on the case brought by George H. Cress against Francis Murphy.

The plaintiff declared in *indebitatus assumpsit,* for goods sold and delivered. At the trial before JONES, J., on the pleas of non assumpsit and payment, &c., the plaintiff gave in evidence his book of original entries, showing alleged sales of wood to the defendant at different times; the first entry commencing with the 9th of June, 1831, and the last purporting to have been made on the 20th of December, 1833. The defendant then gave in evidence certain receipts, signed by the plaintiff, acknowledging the payment of money to him, and dated at different periods between the 12th of October, 1832, and the 21st of September, 1833, and amounting altogether to $134. He also examined witnesses to prove that in point of fact, the contract for the sale of the wood was made not with himself, but with a certain firm of Miller and Murphy, which was composed of one Miller and one Albert Murphy, a son of the

(Murphy *v.* Cress.)

defendant; and also gave in evidence a bill or account for the wood in question, headed " *Wood delivered to Miller and Murphy,*" and sundry receipts given by the plaintiff to Miller and Murphy, and to Albert Murphy. The plaintiff then offered in evidence as rebutting testimony, his book of original entries, containing the following entries, which appeared to have been crossed over with a pen, viz:

" 1832—F. Murphy, Dr.

Wood delivered to sell on commission, at 75 cents.

Sept. 24—Delivered 8½ cords hickory.

Oct. 12—    "    9    "    "    "

Which entries were objected to by the defendant; but the court overruled the objection, and admitted the evidence. The plaintiff then called witnesses to prove that the defendant purchased the wood, either on his own account, or as a partner with Miller and Murphy.

The judge in his charge said, " If the defendant be a partner with Miller and Murphy, he is still liable in this action—because he ought to have pleaded the non-joinder of the other partner in abatement of the suit. It is too late now to take advantage of this omission. If the plaintiff discovered the fact after the suit was commenced, he has a right to charge the defendant individually, unless the defendant himself takes advantage of the omission to abate the action. You are to judge of the weight of the evidence. If you find that the wood was sold to the defendant on his private account, he is liable. If it was sold to the firm of Miller and Murphy, and the defendant was a secret partner of that firm, he is liable. But if the wood was not sold to the defendant on his private account, and the defendant was not a partner of the firm of Miller and Murphy, he is not liable."

The jury having found for the plaintiff the whole amount of his claim, the defendant took a writ of error, and assigned the following exceptions.

" 1. The court below erred in the admission of the entry in the plaintiff's book, showing wood delivered to the defendant to sell *on commission,* as rebutting evidence.

2. The court erred in charging the jury that if the defendant was a partner of the firm of Miller and Murphy, he is liable in this action, because he did not plead the non-joinder of the other partner in .abatement.

3. The court erred in charging, that if the wood was originally sold to the defendant on his private account, he is liable, when it clearly appeared that even if the defendant originally made the contract for the wood, there was subsequently a *change of credit* given, and the liability was transferred to Miller and Murphy.

4. The court erred generally in charging the jury in point of law."

Mr. *Isaac Norris,* for the plaintiff in error, contended—

(Murphy v. Cress.)

1. That the book of original entries was not admissible, to prove a sale of goods on commission; citing upon this point, *Juniata Bank v. Brown,* (5 *Serg. & Rawle,* 226.) *Baisch v. Hoff,* (1 *Yeates,* 198.) *Thompson v. M'Kelvey,* (13 *Serg. & Rawle,* 126.)

2. That the defendant having been indebted to the plaintiff on his separate account, and the declaration being general, it was not necessary for him to plead the non-joinder in abatement. He cited *Gow on Partnership,* 194.

Mr. *C. Ingersoll, contra,* argued that the book of original entries was properly admitted; having been offered, not to charge the defendant, but as rebutting evidence, and as explanatory of the entry on the plaintiff's books which had been crossed out.

The opinion of the court was delivered by

Huston, J.—This suit was brought by Cress to recover the price of wood, alleged to be sold to F. Murphy, the defendant below.

Murphy admitted that he had received some wood, and produced receipts, five in number, for the payment of different sums, amounting to $134—the first dated the 12th of October, 1832, and the last the 21st of September, 1833; which he alleged was in full of all the wood he had got from plaintiff. As to the rest of the plaintiff's demand, he alleged that the wood was not sold or delivered to him, but to A. G. Murphy and Jesse Miller, who kept a wood yard and did business under a firm of Murphy and Miller. As to the evidence on this point of the case, and the directions of the court to the jury, we do not see any error. The question at length turned on the credit of the witnesses, as to whether Francis Murphy was a partner in that firm of Murphy and Miller; but if he was, his receipts for $134, would have reduced the plaintiff's demand so much. To do away the effect of these receipts, the plaintiff below offered as rebutting evidence, another part of his book, in which was an entry as follows.

"1832—F. Murphy, Dr.
Wood delivered to sell on commission.
Sept. 21—Delivered 8½ cords hickory.
Oct. 12—　　"　　9　　"　　"　　."

This entry was formally crossed; it was objected to, but admitted and a bill of exception taken.

In *Poultney v. Ross,* (1 *Dall.* 239,) Shippen, J., says, "Though in England the shop book of a tradesman is not evidence of a debt, without the oath of a clerk who made the entry, yet here, from the necessity of the case, as business is often carried on by the principal, and many of our tradesmen do not keep clerks, the book proved by the oath of the principal, has always been admitted. And such

(Murphy *v.* Cress.)

book is *prima facie* evidence of the price as well as of the sale and delivery of goods." (1 *Yeates,* 347.)

But the book is only evidence of sale and delivery to the person who got the goods, and not of any collateral matter—as that another person promised to pay for them, or was bail for the pay; (1 *Dall.* 238–9.) And in every case where a day book has been offered to prove any collateral matter, it has not been received.

In 1 *Yeates,* 198, we have the case of a defendant who admitted the having received the goods sued for, but produced his own book in which he stated that the goods were received to be sold on commission, and charged himself with the price of such as were sold; but YEATES and BRADFORD, Js., rejected the evidence, saying it was not within the reason or necessity under which such books have been admitted in evidence in our courts; and that an agency or trust must be proved by other testimony than the party's own hand-writing.

We do not consider it material in what stage of the cause or for what purpose it was offered. The fact, if it were so, that the plaintiff had delivered wood to the defendant to sell on commission, must be proved by some other evidence than the plaintiff's own books. To admit it, would be going further than any case has gone, and for this the judgment is reversed.

It has been said here, that the objection taken in the District Court, was because it was offered as rebutting evidence, and that the ground now taken was not there mentioned. If so, we can't help it. The record shows no such matter; and we must go by that. I am aware, that more care by the counsel and court below, in making up the record, would be more satisfactory to the judges of both courts.

Judgment reversed, and *venire de novo.*