MERRITT L. JOSLYN, Plaintiff in Error, *v.* FREDERICK COLLINSON, Defendant in Error.

### ERROR TO McHENRY.

If a guarantee is placed upon a note at the time of its execution, and so is a part of the original transaction, no new consideration is necessary to be averred in support of it; but when it is entered into subsequently, it is otherwise.

This was an action of assumpsit upon a special guarantee, brought by the appellee against the appellant.

The declaration contains three counts. To the first and third counts a *nolle pros.* was entered in the court below.

The second count is upon a special guarantee, and alleges, "that, on the 20th day of September, 1857, at Woodstock, to wit, in said county of McHenry, one W. W. Paine made his certain promissory note in writing, bearing date the day and year aforesaid, and then and there delivered the same to one L. W. Baldwin, in and by which said note said W. W. Paine promised to pay to said L. W. Baldwin, one hundred and thirty dollars, nine months after date thereof, with interest at ten per cent. for value received; and the said L. W. Baldwin, to whom the said note was payable, then and there indorsed and under his hand assigned the said note to the said plaintiff, and then and there delivered the same so indorsed to the said plaintiff; and the said defendant then and there by his certain writing upon the back of said note, undertook and promised to pay

| 26 | 61 |
|----|-----|
| 30a | 532 |
| 26 | 61 |
| 35a | 84 |
| 26 | 61 |
| 160 | 125 |
| 26 | 61 |
| 69a | 115 |
| 26 | 61 |
| 82a | 166 |
| 26 | 61 |
| 96a | 101 |

the money therein mentioned, which writing was in the words and letters following, to wit; 'For value recd. I hereby guarantee the payment of the within. M. L. JOSLYN.' By means whereof and by force of the statute, defendant became liable," etc.

Breach in the usual form.

To which count the defendant in the court below filed a general demurrer, which demurrer was overruled by the court, and the said defendant standing by his demurrer, the court gave judgment in favor of the plaintiff, and assessed the damages to the amount of the note and interest.

The errors assigned are, that the court erred in overruling the demurrer; and the court erred in rendering judgment in manner and form aforesaid.

JOSLYN & HANCHETT, and B. C. COOK, for Plaintiff in Error.

CHURCH & KERR, for Defendant in Error.

CATON, C. J. This declaration is upon a special guarantee of a promissory note, and shows that the guarantee was entered into and placed on the note after the note had been delivered and after it had been negotiated to the plaintiff, and it shows no new consideration for the guarantee. When a guarantee is put upon a note, at the time of its execution, and so is a part of the original transaction, no new consideration is necessary to support it, but when it is entered into subsequently, it is a new and independent undertaking, and must be supported by a new and independent consideration, and the pleading should conform to this rule of law. The declaration should show that the guarantee was entered into at the time the note was executed, when it need not aver any new consideration, or if, as in this case, the guarantee was entered into subsequently, a new and independent consideration should be averred. For the want of this, the declaration is bad, and the demurrer should have been sustained.

The judgment is reversed and the cause remanded, with leave to the plaintiff to amend his declaration.

*Judgment reversed.*