Kingsland v. Koeppe.

PHILIP S. KINGSLAND ET AL.

v.

HERMAN KOEPPE ET AL.

SAME

v.

SAME.

*Negotiable Instruments—Corporation Notes—Guaranty—Indorsement—Evidence—Proposition of Law.*

1. In a case tried without a jury, the finding of the court must stand unless it appears to have been based upon an erroneous view of the law.

2. The writing of his name by the payee of a note on the back thereof implies a contract that parol evidence is inadmissible to vary.

3. On a blank indorsement by a stranger to the note the law implies no contract, but presumes, in the absence of evidence to the contrary, the assumption of a contract of guaranty.

4. The presumption is, unless the facts are shown to have been otherwise, that the indorsement was placed upon the note when the same was

made, and therefore was intended as a guaranty supported by the original consideration of the note.

5. Evidence as to conversations between the parties at the time of the indorsement, is admissible in such case, and it is a question of fact whether such signer did, in fact, intend that personal liability as guarantor should be incurred or not.

6. Harmless errors can not be complained of.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. TENNEY, HAWLEY & COFFEEN, for appellants.

Mr. S. P. DOUTHART, for appellees.

GARY, P. J. These are actions by the appellants against the appellees as guarantors of promissory notes of a corporation, payable to the appellants, upon which the appellees had indorsed, at the time the notes were made, their names in blank.

The appellees were all members of an executive committee of the corporation, to which committee had been delegated by the corporation the power to procure the machinery, which was the consideration of the notes. That committee had intrusted to one of their number, not an appellee, the details of making the contract with the appellants, and he had agreed that for the deferred payments for the machinery, the corporation should give notes indorsed by the executive committee individually. Whether the appellees knew before the machinery was furnished, of that agreement that they should indorse, was a subject of conflicting testimony on the trial. There was also an irreconcilable conflict in the testimony as to what happened when the notes were made, with a preponderance in the number of witnesses in favor of the appellees, and as to the probabilities, in favor of the appellants. The case was tried without a jury, and the finding by the court, in a case of such conflict, must stand, unless it appears

to be based upon a wrong view of the law. Field v. C. & R. I. R. R. Co., 71 Ill. 458, and cases there cited. The record recites that, the evidence being all in, "Thereupon the court held the following proposition of law at the request of the plaintiffs:

"The court holds that representations made by the plaintiffs to the defendants, at the time the notes in question were executed, that the defendants would not make themselves liable by signing their names on the back of the notes, would not constitute a defense to this suit, even if the defendants were thereby induced to sign their names on the back of the notes in the manner shown by said notes."

Plaintiffs asked the court to hold the following proposition of law: "The court holds that the contract implied by law from the position of the defendants' names on the back of notes described in the declaration, can not be varied or lessened by parol evidence that the defendants were not to be personally liable." The court refused so to do, to which ruling plaintiffs excepted. The court further held that it was competent and admissible for the defendants to show by parol evidence that the plaintiffs agreed with them at the time the notes in suit were executed, that they should not be held personally liable in any way if they would sign their names on the backs of the notes, and if such were the facts the plaintiffs were not entitled to recover, to which ruling of the court the plaintiff excepted.

It is undoubtedly the law that the name of the payee written by him in blank on the back of a note, implies by law a contract, that parol evidence is inadmissible to vary. Johnson v. Clover, 121 Ill. 283, where that doctrine was applied, although the payee had written his name twice. It was unsuccessfully contended that the first indorsement was enough to pass the title to the note, and the second must therefore be for some other purpose, to be shown by parol. The former cases are there cited. But on a blank indorsement, by a stranger to the note, the law implies no contract. It presumes as a fact in the absence of evidence to the contrary, that the parties made for themselves a contract of guar-

anty; so it presumes the parties were *sui juris* and *compos mentis.*

The language of the decisions in this State upon the subject has not been always well guarded, but the effect of the decisions has been uniform.   In the first case where it was a matter for decision, Cushman v. Dement, 3 Scam. 497, though it had been discussed in Camden v. McKoy, same volume, 437, such an indorsement was held to be *prima facie* evidence of a liability in the capacity of guarantor, "liable to be rebutted by parol proof," and in the last case, so far as the briefs in this case show, it is reiterated that such an indorsement "raises a presumption only that it is intended thereby to assume the liability of a guarantor, which may be rebutted by proof that the real agreement between the parties was different." Eberhart v. Page, 89 Ill. 550.

It is, then, always a question of fact what the parties intended.   If nothing is shown but the note with the blank indorsement, the presumption is that the indorsement was placed there when the note was made: Stewart v. Smith, 28 Ill. 397; White v. Weaver, 41 Ill. 409; and therefore was intended as a guaranty, supported by the original consideration of the note.   Joslyn v. Collinson, 26 Ill. 61.

But the presumption of intention to guarantee is open to rebuttal by showing the real agreement, as much as the presumption of the date of indorsement is, by showing when it was in fact made.   All conversation between the parties, therefore, at the time of the indorsement, is admissible in evidence, and it is a question of fact whether the parties did, in fact, intend what the law presumes they did intend, when what they did intend is not shown ; and if it is shown by such conversation that in fact no personal liability was intended to be assumed by the indorsers, then none was incurred.

The first proposition held by the court was more favorable to the appellants than this view of the law warrants.   The member of the committee who made the contract with the appellants also indorsed the notes, and was a defendant below. He withdrew his plea and judgment was entered against him.   If that was an irregularity it did appellants no harm,

and they can not complain of it.   Clause v. Bullock, 20 Ill. App. 113.

There is no error, and the judgments are affirmed.   The cases are alike in the questions made, and they have been submitted here on one set of briefs.

*Judgment affirmed.*