<h2 align="center">CHARLES F. SWIGART</h2>
<h2 align="center">V.</h2>
<h2 align="center">JOHN F. WEARE AND HARVEY S. CLARK.</h2>

*Negotiable Instruments—Note—Indorsement—Guaranty—Written Instrument—Alteration—Misjoinder.*

1. The writing of their names in blank upon the back of a note by strangers to it, imports that they are guarantors of the payment thereof, and in such case the holder is authorized to write over the same a guaranty.

2. The erasure by the holder of a note of a portion of what has been written by him on the back thereof, over indorsements in blank by strangers thereto, leaving such words as express the presumption of law, can not be looked upon as a material alteration of a written instrument.

3. The objection that less than the whole number of the guarantors of a promissory note have been sued, should be taken advantage of by plea in abatement. When made after judgment such objection comes too late.

[Opinion filed October 23, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. JOHN C. SCOVEL, for appellant.

A party is presumed to be a guarantor whose name is written on the back of a note, not payable to him; and, in the absence of explanatory evidence, that he placed it there at the time of making the note, and that he indorsed it as a guarantor.    Boynton v. Pierce, 79 Ill. 145.

Had the plaintiff a lawful right to strike out of the guaranty the words "including attorney's fees, etc.," the declaration being amended to conform to the guaranty as altered?

Writing an unauthorized agreement above blank indorsement does not vitiate actual agreement.    Brandt on Guaranty and Suretyship, Sec. 153, p. 215.

The actual agreement assumed by defendants in this case was that of guarantors, according to the terms of the note.

"The power of filling up a blank is not arbitrary, but depends upon proof of the real negotiation; and the court will permit the blank to be filled in conformity with the authority as proved."    Hurst v. Adams, 5 Moss, 358; Riley v. Gerrish, 9 Cush. 106.

"And if filled up, in the first instance, in a manner not conformable to the truth, he will be permitted to correct it and fill it up new."    Riley v. Gerrish, 9 Cush., cites Joslyn v. Ames, 3 Moss, 274; Austin v. Boyd, 24 Pick. 64; Nevins v. DeGrand, 15 Moss, 436.

"The unauthorized portion of such writing may at any time be canceled; or it will be disregarded, and the actual contract will be enforced."    Seymour v. Mickey, 15 Ohio St. 515.

We insist that plaintiff had a lawful right to amend the guaranty and amend the declaration, and that being done, the contract of guaranty was strictly in accordance with the terms of the note, the liability assumed by the defendants, and that plaintiff is entitled to recover.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellees.

Daniel on Negotiable Instruments, Vol. 2, Sec. 1373, says: " Any change in the terms of a written contract which varies its original legal effect and operation, whether in respect to the obligation which it imports or to its force as a matter of evidence, when made by any party to the contract, is an alteration thereof, unless all the other parties to the contract give their express or implied consent to such change. And the effect of such alteration is to nullify and destroy the altered instrument as a legal obligation."

And this, no matter what the motive or intention of the party making the alteration was. Moore v. Hutchinson, 69 Mo. 429; Evans v. Freeman, 60 Mo. 449 ; Getty v. Shearer, 21 Pa. St. 12; Marshall v. Gougler, 10 S. & R. 164 ; Warpole v. Ellison, 4 Hous. 322; Robinson v. Reed, 46 Ia. 219; Gardner v. Walsh, 32 Eng. L. & E. 162 ; Cochran v. Medeker, 48 Ind. 459; Benedict v. Miner, 58 Ill. 19; Vogle v. Ripper, 34 Ill. 100; Newlan v. Harrington, 24 Ill. 207; Gardner v. Harback, 21 Ill. 128.

Parsons in his work on Contracts, Vol. 2, p. 716, says : "A material alteration in commercial paper destroys the non-consenting party's liability, although the alteration was made before the paper came into the payee's hands and was not known to him."

The following cases sustain that proposition: Bradley v. Mann, 37 Mich. 1; Aldrich v. Smith, 37 Mich. 468; Wood v. Steele, 6 Wall. 80; Greenfield Sav. Bk. v. Stowell, 123 Mass. 196; Draper v. Ward, 112 Mass. 315; Fay v. Smith, 1 Allen, 477; Goodman v. Eastman, 4 N. H. 455; Masters v. Miller, 4 T. Rep. 320.

A material alteration is one that changes the legal effect or operation of the instrument in some part. The following have been held to be material alterations:

Changing a note so as to draw interest a month sooner. Benedict v. Miner, 58 Ill. 19. Changing the date so as to make the note fall due one year later. Wyman v. Yeoman, 84 Ill. 403. Erasing the word " one " in a note providing " one per cent a month interest." Moore v. Hutchinson, 69

Swigart v. Weare.

Mo. 429. Adding an interest clause. Bradley v. Mann, 37 Mich. 1; Warpole v. Ellison, 4 Hous. 322; Craighead v. Mc-Loney, 14 Cen. Law Jour. 192; Waterman v. Vose, 43 Me. 504; Fay v. Smith, 1 Allen, 477. Inserting in the body of the note the name of the second indorsee as a payee. Aldrich v. Smith, 37 Mich. 468. Changing rate of interest from six per cent to seven per cent, although seven per cent be unlawful and uncollectible. Harsch et al. v. Klepper, 28 Ohio St. 200. Changing date from the 9th to the 19th. Bank of U. S. v. Russell, 3 Yates, 391. Changing date from 25th to 26th of July. Stephens v. Graham, 7 Ser. & R. 505. Changing date from 10th to 16th. Getty v. Shearer, 20 Pa. St. 12. Changing date from September to October 11th. Wood v. Steele, 6 Wall. 80. Raising a note from $67 to $467, space being left so it could be done without detection. Sav. Bank v. Stowell, 123 Mass. 196. Adding the words "at twelve per cent" after the words "with interest." Draper v. Ward, 112 Mass. 315. Inserting the words "after maturity" after the word "interest," although the note had been signed by the sureties, leaving blanks for the amount, date, time and payee to be filled. Coburn v. Webb, 56 Ind. 96. Adding the name of another joint maker. Hamilton v. Hooper, 46 Ia. 515; Gardner v. Walsh, 32 Eng. L. & E. 162. Writing the word "security" over the name of one who had indorsed the note in blank. Robinson v. Reed, 46 Ia. 219. Changing a note from $500 to $400. Hewins v. Cargill, 67 Mo. 554. Changing the interest from twelve to ten per cent. Whitmer v. Frye, 10 Mo. 348. Also held *prima facie* fraudulent: Changing a note from "order" to "bearer." Barth v. Power, 56 N. Y. 30. Inserting the words "payable at A." Birchfield v. Moore, 25 Eng. L. & E. 23.

The defendants having signed their names in blank on the note, the law charged them as guarantors of that note and filled the blank as specifically as if they had filled it themselves at the time of signing. Filling the blanks with anything else was a material alteration of their contract. Robinson v. Reed et al., 46 Ia. 219; Angle v. N. W. Mut. Life Ins. Co., 92 U. S. 330; Coburn v. Webb, 56 Ind. 96; Bank v. Douglas, 31 Conn. 170; Wirehauser v. Dunn, 2 N. E. Rep. 274.

WATERMAN, J. In this case it appears that James Springer, having made his promissory note payable to the order of Charles F. Swigart, the defendants below, John F. Weare and Harvey S. Clark, together with John A. Cook, indorsed the same in blank, and the note thus indorsed was delivered to the plaintiff, who thereupon, after such delivery and without the knowledge of Weare or Clark, wrote above their signatures as follows:

"For value received we, or either of us, guarantee the payment of the within note at maturity, including attorney's fees for the collection, if any be made."

Upon the trial the plaintiff struck out of this writing the words, "including attorney's fees for the collection, if any be made," and amended his declaration to correspond with such change of the guaranty. The court found the issues for the defendants, and plaintiff appeals. That the plaintiff was authorized to write over the signature of the defendants a guaranty of the payment of the note, is not disputed. On the other hand, it is not contended that there was any authority for including in the guaranty the words as to attorney's fees, stricken out upon the trial.

Appellees insist that this is a case of material alteration of a written instrument by a party thereto; and many cases are cited to the effect that the party making such alteration can not recover upon the writing. We do not regard this as a case of an alteration of a written instrument. It is rather the case of a person misapprehending the contract which, in the absence of evidence other than that appearing from signatures of third persons upon the back of a promissory note, the law presumes was made by them, and having reduced such misapprehension to writing, afterward changing the writing to correspond with the presumption of law.

Defendants having written their names upon the back of the note, in the absence of other evidence as to their undertaking, the law presumes that they intended to guarantee the payment of the note; and the plaintiff in such case is authorized to write over their signature a guaranty; this might have been done upon the trial; plaintiff might then have stricken

out all that he had previously written and in its stead have put what was left after he amended the writing he had before placed on the note.

This is not a case in which parties have set down in writing the terms of their contract. The instance is one in which, the signatures being made, and nothing being said or agreed as to what obligation was thereby entered into, the terms of the undertaking are determined by presumption of law. Strictly speaking there was no written contract, but merely a signing, indicating that the parties had entered into a contract. Barrows v. Love, 5 Vt. 161; Seymour & Co. v. McKey, 15 Ohio St. 515.

There is no pretense that the plaintiff intended any fraud. He did not claim that the defendants had done more than to simply write their names. What, therefore, the terms of their contract were, was a matter not for him to express, but a conclusion of law.

That the plaintiff, having mistaken the law and expressed the contract incorrectly, may correct this at any time, is well settled. Josselyn v. Ames, 3 Mass. 273; Austin v. Boyd, 24 Pick. 64; Nevins et al. v. DeGrand, 15 Mass. 435; Riley v. Gerrish, 9 Cush. 104; Seymour & Co. v. McKey, 15 Ohio St. 515; Sylvester v. Downer, 20 Vt. 355–362; Croskey v. Skinner, 44 Ill. 321; White v. Alward, 35 Ill. App. 195. It is insisted that as only two of the guarantors were sued, no recovery can be had, although the undertaking was joint and several.

It did not appear on the face of the declaration that any person other than those sued was liable; it was therefore incumbent on the defendants, if they wished to take advantage of the non-joinder of Cook, to have pleaded in abatement; the only plea interposed was that of the general issue; the objection as to non-joinder comes too late. Chitty on Pleadings, Vol. 1, p. 46; Cummings et al. v. The People, 50 Ill. 132.

The judgment of the court below is reversed with directions to enter a judgment in accordance with this opinion.

*Reversed and remanded with directions.*