## Simon Sinsheimer v. William Skinner Manufacturing Company.

1. AMENDMENTS OF PLEADINGS—*Leave to Amend.*—Where a plaintiff amends his declaration the defendant is entitled to plead anew; but if, after leave, no such amendment is made, the refusal of the court to permit new pleas to be filed becomes immaterial. Leave to amend is not equivalent to an amendment.

2. ·PRACTICE—*Striking Pleas from the Files.*—Permission to strike out constitutes a striking out. Pleas stricken out are not actually removed from the files or erased; the leave itself makes them no longer a part of the pleadings in the case.

3. NON-JOINDER—*Of Parties.*—It is only by a plea in abatement that the non-joinder of a party can be taken advantage of by a defendant.

4. DECLARATION—*Defective—When Good After Verdict.*—In an action of assumpsit where it was alleged in the declaration that a purchase was made, from which a promise to pay is implied, a verdict will not be set aside because no promise to pay is specially alleged in the pleadings.

5. VARIANCE—*When Not Material.*—The fact that the proof shows the goods were sold to two, while the allegation is that they were sold to one, is not a material variance.

6. PRACTICE—*Joinder of Plaintiffs.*—It is an imperative rule that all living promisees whose interests are joint, be joined as plaintiffs. If it appear upon the record that there is another promisee who ought to have been joined as a plaintiff the judgment will be arrested. And if a promise is to two or more persons jointly, they must all, if living, join in the action or the plaintiff will be non-suited upon the trial.

7. SAME—*Action Against Partners.*—If an action be brought against one partner on a partnership account, the defendant may plead the partnership in abatement; he can not, upon the general issue, defeat the action by showing the partnership in evidence.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1894; and affirmed. Opinion filed May 28, 1894.

The opinion states the case.

Moses, Pam & Kennedy, and James R. Ward, attorneys for appellant.

James A. Peterson, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellee brought an action of assumpsit against appellant.

In the præcipe, summons and declaration, originally filed in this case, appellant, Simon Sinsheimer, is the only defendant designated. Appellee filed the common counts, originally, with an affidavit of claim thereto attached, to which appellant filed the general issue with an affidavit of merits. Subsequently, in 1891, appellee obtained leave to file four additional counts, in each of which it was specially averred and declared, substantially, that Simon Sinsheimer and Samuel Sinsheimer were copartners, doing business under the firm name of S. Sinsheimer, and as such copartners under such firm name, purchased from appellee goods and merchandise, and that the appellee delivered the same

to the said firm of S. Sinsheimer; that upon the delivery of the same to said firm "the defendant, Simon Sinsheimer, in consideration thereof, promised" the appellee to pay for the same when so requested, and that, although often requested so to do, "the defendant, Simon Sinsheimer," had neglected and refused so to do.

To these counts the appellant filed a plea, verified, in which he denied that he had jointly promised and undertaken in manner and form as the appellee had in the special counts alleged; and by leave of the court the appellant also refiled the general issue verified, which he had previously filed to the original declaration.

Under the issue thus formed a trial by jury was had, which resulted in a verdict in favor of the appellee for $278.35 damages on December 21, 1893.

At the conclusion of appellee's evidence the appellant moved to exclude the same from the jury, because the evidence was variant from, and did not support the allegations of the declaration, etc., this being a suit against Simon Sinsheimer alone, and upon an alleged individual promise of Simon Sinsheimer to pay the appellee the amount for which this suit was brought.

During the argument of the motion for a new trial, the court permitted the appellee, against appellant's objections, to amend the declaration by striking out all of the common counts originally filed, and also by striking out of all the special counts, wherever they appeared, the words "the said Simon Sinsheimer," and inserting in lieu thereof "the said firm of S. Sinsheimer." The appellant thereupon tendered a plea of non-assumpsit and a plea denying that he was a partner of and with the said Samuel Sinsheimer, doing business under the name and style of S. Sinsheimer; also denying that the partnership existed as in said declaration amended after verdict is alleged; which pleas were duly verified, but the court refused to allow appellant to plead to the declaration as amended after verdict, overruled the motion for a new trial, and rendered judgment upon the verdict in favor of the appellee January 27, 1894; the

appellant then and there excepted to each of said rulings and the judgment of the court, and appealed therefrom to this court.

Had the plaintiff actually made the amendment to the additional counts of his declaration he, after verdict, obtained leave to make, the defendant would have been entitled to plead anew to such amended counts, but as no such amendment was made, the refusal by the court to permit new pleas to be filed becomes immaterial.   Leave to amend is not equivalent to an amendment.   Weiczorek v. Wisconsin Central Ry. Co., 51 Ill. App. 498; Ogden v. Town of Lake View, 121 Ill. 423.

As to the permission given the plaintiff to strike out the first four counts by him filed, the permission to strike out constitutes a striking out.   Pleas stricken out are not actually removed from the files or erased; the leave itself makes them no longer a part of the plaintiff's allegations. C., C., C. & St. L. Ry. Co. v. Rice, 47 Ill. App. 51.

Judgment was therefore rendered upon the additional counts filed, which charge a purchase by the firm of S. Sinsheimer, consisting of appellant and Samuel Sinsheimer, and that in consideration of such purchase appellant promised to pay for the goods.   The evidence of plaintiff has no tendency to show an individual or several promise to pay by appellant, while there was evidence tending to show dealings by the plaintiff with the firm of S. Sinsheimer when appellant was a member thereof, and that without notice of any dissolution thereof, Samuel Sinsheimer bought from the plaintiff in the name of said firm the goods, to recover the purchase price of which this suit was brought.

Appellant introduced evidence tending to show the dissolution of said firm and notice thereof to appellee before the goods in question were purchased.

Only by a plea in abatement could the non-joinder of Samuel Sinsheimer have been taken advantage of by appellant.   McDonald v. Western Refrigerator Co., 35 Ill. App. 283; Swigart v. Weare et al., 37 Ill. App. 258; Murphy v. Cross, 2 Wharton, 32.

Appellant was properly permitted to introduce evidence tending to show that he was not jointly liable.

Appellant insists that the judgment rendered can not be sustained because the declaration charges a purchase by a firm, of which appellant was one, and a promise to pay by appellant only. The promise to pay should have been charged to have been by the firm.

We have been referred to no authority, holding that after verdict such a pleading is insufficient to sustain a judgment rendered thereon. The law does, indeed, from a purchase by a firm, imply a promise to pay by the firm, rather than a several promise by each partner to pay. The question here presented is one of pleading only, and may be said to be whether, in an action of assumpsit, it being alleged in the declaration that a purchase was made, from which is implied a promise to pay, will a verdict be set aside because no promise to pay is alleged in the pleading?

In Avery v. Inhabitants of Tyringham, 3 Mass. 160, the court held that all the facts necessary to ground a promise on being in the *narr.* the omission to allege a promise was not sufficient ground for arresting the judgment. To the same effect is the case of Bell v. Hobbs, 2 Geo. Decisions, 144.

We find no such error in allowing the introduction of evidence or as to instructions that we think the judgment should be reversed therefor.

The judgment of the Circuit Court is affirmed.


MR. JUSTICE GARY.

Suing the appellant alone, the common count for goods sold and delivered to him was the appropriate count, if it be true, as the jury have found, that the goods were sold to a firm of which appellant was a partner. The non-joinder of the other partner could only be pleaded in abatement. 1 Chit. Pl. 46; McDonald v. Western Refrig. Co., 35 Ill. App. 283; Swigart v. Weare, 37 Ill. App. 258.

The proof that the goods were sold to two, while the allegation is that they were sold to one would seem to be a technical variance, but the authorities are against so hold-

ing. Goelet v. McKinstry, 1 John. Cas. (N. Y.) 405; 2 Chit. Pl. 217; Murphy v. Cross, 2 Wharton, 33.

There was never any need to add anything to the original declaration here, and all that has been added is but pleading the evidence which would support the original count for goods sold and delivered—a mode of pleading bad only on special demurrer. Whether a promise is express or implied, it is alleged in the same words. 1 Ch. Pl. 309.

MR. JUSTICE WATERMAN ON REHEARING.

In a petition for rehearing it is suggested that the true doctrine is, that " when it appears on the face of the declaration that any other person than the one who is sued, is liable, no plea in abatement is necessary," and the case of Swigart v. Weare, 37 Ill. App. 258, is referred to as sustaining such petition. We do not think that Swigart v. Weare is authority for the doctrine for which appellant contends. It is an imperative rule that all living promisees, whose interests are joint, must be joined as plaintiffs. This is because if, upon a promise of five, three only bring suit, a judgment therein will be no bar to an action by the other two; but if five jointly promise, and action be brought against one only, judgment against that one is a bar to a recovery against any of the remaining contractors. Chitty's Pleadings, Vol. 1, 9; Wann et al. v. McNulty, 2 Gilman, 355; Mitchell v. Brewster, 28 Ill. 167; Jansen v. Grimshaw, 125 Ill. 468.

In the latter case the authorities are collected. See also National Bank of Oshkosh v. Jennings Trust Co., 44 Ill. App. 285.

So if it appear upon the record that there was another covenantee who ought to have been joined as a plaintiff, the judgment will be arrested. And if a promise is to two or more persons jointly, they must all, if living, join in the action or the plaintiff will be non-suited upon the trial. Wright v. Post, 3 Conn. 142.

It is said in Chitty, Vol. 1, 42, that where there are several parties, if their contract be joint they must all be made defendants. By this is not meant that judgment will be arrested for such a non-joinder, but that a failure to join all

joint promisors will afford ground for a plea in abatement. If an action be brought against one partner on a partnership account, the defendant may plead the partnership in abatement, and can not, upon the general issue, defeat the action by showing in evidence the partnership. Rice v. Shute, 5 Burr, 2611; Abbott v. Smith, 2 Black, 947; Cabell v. Vaughn, 1 Saunders, 291.

The question in the case at bar is not whether partnership promises are in this State joint and several, but admitting a partnership promise is joint only, if suit thereon be brought against but one, in what way can advantage be taken of the non-joinder? As to this, that the fact of the partnership can not be given in evidence as a defense, and that only by pleading in abatement can the non-joinder be set up to defeat the action, Rice v. Shute, *supra*, has for more than a century been almost universally followed. The dictum of Lord Mansfield in that case, that partnership obligations are joint and several, has been overruled, but the practice as to the necessity of pleading non-joinder in abatement, there established, remains to this day. Sixteenth Ed. from seventh Eng. Ed. of Chitty's Pleadings, Observations on Pleas in Contract, Abatement, page 269; Notes to Boulston v. Sandford, Vol. 1, p. 170, English Railway Cases; Elder v. Thompson, 13 Gray, 91; Kendall v. Weaver, 1 Allen, 277.

The writer of this opinion has grave doubts as to the merits of the controversy in this action, but can not say it is clear that the evidence did not warrant the verdict.

Petition for rehearing denied.