## Robert Newton v. Gertrude Bramlett.

1. PROMISSORY NOTES—*Indorsements in Blank—Filling up the Contract.*—When a note is indorsed in blank, and the indorsement is filled up in such a way as to state the contract incorrectly, it is competent to correct it. The same principle controls where an incorrect addition is made to an indorsement; it may be stricken out, and when no fraud is designed and no injury produced, it will not discharge the indorser from the contract really made.

2. TECHNICAL ERRORS — *Which Do Not Mislead.*—Mere technical errors which, presumably, do not mislead the jury, will not justify the Appellate Court in setting aside a judgment entered upon their verdict.

**Memorandum.**—Assumpsit. In the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Declaration on a promissory note and common counts; plea of the general issue and statute of limitations; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

O. B. HAMILTON and H. W. POGUE, attorneys for appellant.

THOS. F. FERNS and CHARLES P. WISE, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against the appellant for $683.42, on account of his alleged liability as the indorser of a promissory note.

The note was held by the appellee for several years after maturity, during which time the interest was paid by the maker, who afterward died, leaving the principal unpaid. Appellee filed her claim against the estate, and, as her testimony shows, repeatedly urged the appellant to pay her the amount due. She testifies, while the maker was living, he frequently admitted his liability and promised to comply with her demand, and requested her not to sue on the note; and after the death of the maker, as a part payment gave her an order for his dividend against the estate of the maker on another claim against the maker, upon which order she received a sum of money, which she indorsed as a credit upon the note. He admitted the giving of this order, but denied that it was intended as a payment on the note, and insisted that it was a mere gift on his part.

It is contended in support of the judgment, that by his admission of liability and promise to pay, by his request not to sue, and by making the partial payment, well knowing all the facts, the appellant waived the consequences of a failure by the appellee to prosecute the maker to insolvency, or which amounts to the same thing, estopped himself to deny that a suit would have been unavailing.

We understand the appellant does not controvert the legal proposition asserted by appellee, that such waiver may be so established, but that he contends the proof, all considered, is not sufficient. No doubt the testimony is in serious conflict, but it was the province of the jury to reconcile it, and there is no apparent reason for holding that in their effort to do so they were misled by the rulings of the court or that they were governed by improper motives.

One defense was the statute of limitations, ten years, to which a payment within the time was replied.

If the giving of the order for appellant's dividend was intended as a payment, it is conceded it would support the replication since it was made within ten years.

A good part of appellant's brief is devoted to a discussion of the effect of a change made in the indorsement.

It appears that as written originally, the indorsement was in the usual form, thus: Pay to Gertrude Bramlett—Robert Newton.

On the first trial of the case (it has been twice tried) the attorney for appellee added over the signature of the indorser these words: " And for value received I guarantee the payment of the within note." The declaration then contained a count upon a guaranty, and this addition was made by the attorney under the impression that the facts attending the original transaction showed an undertaking by the appellant to assume such responsibility, and that, under the law, it was competent to write a guaranty over the signature.

Subsequently the conclusion was reached that such a view of the matter was erroneous; the third count, which alleged that defendant guaranteed the note, was dismissed, and the added words were stricken out of the indorsement, leaving it precisely as it was at first.

Appellant contends that by such addition and erasure he was wholly discharged from all liability in the premises. This addition was made in open court after the introduction of proof supposed to be sufficient to show an intention to guarantee the note, and was supposed by counsel and also by the court to be authorized. There was no fraudulent intention, and as the addition was erased no harm was done.

It has been held repeatedly that where a note is indorsed in blank and the indorsement is filled up in such a way as to state the contract incorrectly it is competent to correct it by striking out or otherwise. Croskey v. Skinner, 44· Ill. 321; Swigart v. Weare, 37 Ill. App. 258.

The same principle should control where an incorrect addition is made to an indorsement; it may be stricken out, and where no fraud is designed and no injury produced it

should not discharge the indorser from the contract really made. First Natl. Bank v. Ryan, 31 Ill. App. 271; same case, 148 Ill. 349.

Some complaint is made that the court allowed incompetent evidence as to the declarations of appellant at and before the time of making the indorsement.

Without taking time to discuss the matters thus involved it is sufficient to say that they seem to be immaterial, and even conceding that there was technical error therein, we think it is not so important as to work a reversal.

It is urged the court erred in the matter of giving and refusing instructions.

The appellant has failed to set forth the instructions in his abstract and, according to well settled practice, we are not called upon to consider any objections in that regard.

We have, however, examined the record, and are of opinion that the court properly refused the instructions referred to in the brief, and that in view of all the instructions given and of the issues before the jury, there is no serious error in giving the first instruction for plaintiff of which complaint is made.

Mere technical errors which should not, and presumably did not mislead the jury, will not justify an Appellate Court in setting aside a judgment. If there was error in giving this instruction it was because, under the common count, the plaintiff could not recover on the proof. We shall not stop to consider whether the point is well taken or not. If so, it is quite technical, and it is not at all probable the verdict was affected thereby since there were special counts to which the proof did apply. The judgment will be affirmed.