### Virginia B. Holmes v. George J. Williams.

1. GUARANTY—*Blank Indorsements.*—A blank indorsement upon a
promissory note is, *prima facie*, a guaranty, and authorizes the holder
of such note to write a contract of guaranty over such indorsement.

2. SAME—*Made After the Delivery of the Note—Consideration.*—
Where it is alleged that a guaranty was made after the delivery of the
note, to the payee it is necessary to allege and prove a consideration for
such guaranty.

Assumpsit, on a guaranty of a promissory note. Appeal from the
Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge,

presiding.  Heard in this court at the October term, 1896.  Affirmed.
Opinion filed March 8, 1897.

Wm. J. Tewkesbury and McClellan & Little, attorneys
for appellant.

Slusser & Johnson, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued, and recovered judgment against, the
appellant for $744.84, as the unpaid balance of a promissory
note as follows:

"Chicago, Ill., January 21, 1891.

Twenty-four months after date, for value received, 1
promise to pay to the order of Ira Holmes, sixteen hundred
(1,600) dollars, at his office, with interest at six per cent
per annum, after date, until paid.

(Then follows a warrant of attorney to confess judg-
ment.)  This note is secured by a chattel mortgage of even
date.

Elizabeth Wallace.

(Indorsed on the back.)

For value received, I hereby guarantee the payment of
the within note at its maturity.

Virginia B. Holmes.

Pay to the order of George J. Williams.

Ira Holmes."

The guaranty over the appellant's name was written
when this suit was begun.  Her blank indorsement is,
*prima facie*, a guaranty.  Kingsland v. Koeppe, 35 Ill. App.
81; S. C., 137 Ill. 544.

The holder of the paper was authorized to write the
guaranty over the signature.  Swigart v. Weare, 37 Ill.
App. 258.

As the declaration alleged that the guaranty was made
after the delivery of the note to the payee, it was necessary
to allege and prove a consideration for the guaranty.
Featherstone v. Hendrick, 59 Ill. App. 497;  White v.
Weaver, 41 Ill. 409;  Joslyn v. Collinson, 26 Ill. 61.

The declaration alleged that consideration to be that the appellee " would accept and receive the said note of the said Ira Holmes, and for a valuable consideration to her in hand paid by the " appellee. Now while the first part of that alleged consideration may be said to be no consideration at all, being neither detriment to the appellee nor benefit to the appellant, and while there was no attempt to prove the other part, yet as no objection on account of variance-was made at the trial, if on the whole case a sufficient consideration appear, such variance, being removable by amendment, may be disregarded. McCormick Machine Co. v. Burandt, 136 Ill. 170; City of Chicago v. Moore, 139 Ill. 201.

There was evidence that the appellee advanced money to Ira Holmes on many notes upon which the plaintiff had placed her name; that she was asked both by the appellee and his attorney, whether she understood the obligations she was incurring, and that, among other things, she replied that she did understand them, and showed that she did by the tenor of the conversation; that the appellee told her that he was liable to have considerable of her paper—paper with her name on—and she said she was guaranteeing the notes, and assisting Ira (her husband), who had a fair prospect of getting out of debt, and making some money.

The fair conclusion on the whole case is, that she intrusted her husband with her name as guarantor upon paper, to be used by him in his discretion. Under such circumstances, the consideration to him was—by implication—at her request, although the note in suit was not the particular subject of any communication between her and the appellee, or any one representing him. Whether the implication mentioned be a fair one, is fairly debatable, but on the whole we deem it right.

The finding for the appellee is, so far as relates to consideration, justified by the evidence.

The other defense alleged is, that by an agreement between the maker of the note—Wallace—and Ira Holmes,

with the assent of the appellee, Wallace was discharged, and that the effect of discharging Wallace was to discharge the appellee. The answer to that defense is, that there is, first: Conflicting testimony upon the subject; and, second, that the business relations between the appellant and her husband were on such a footing as fairly to imply her consent to his endeavors to get out of debt, among which were the negotations with Wallace—whatever may have been their character. It appears, on the version of the appellant, that as a result of those negotations, Ira delivered to the appellee a note and chattel mortgage which, if paid, would have extinguished the cause of action in this suit; but it is not shown that such payment was made, or that the appellee is in fault on that note and chattel mortgage. It is not claimed that if the appellee was entitled to recover, the amount recovered is wrong.

The judgment is affirmed.

Mr. Presiding Justice Shepard.

I can not quite concur, but hoping that the Supreme Court may have an opportunity to pass upon the questions, which are of much collateral importance, I waive any discussion by way of dissent.